MIAMI SYSTEM CORPORATION, d.b.a. Data Fold Forms, Appellee,

v.

DRY CLEANING COMPUTER SYSTEMS, INC., Appellant.

[Cite as *Miami Sys., Corp. v. Dry Cleaning Computer Sys., Inc.* (1993), 90 Ohio App.3d 181.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920538.

Decided Sept. 8, 1993.

182

*Dennis P. Hartmann,* for appellee.

*Porter, Wright, Morris & Arthur* and *Christopher R. Heekin,* for appellant.

*Per Curiam.*

Appellant, Dry Cleaning Computer Systems, Inc., raises two assignments of error. In its first assignment of error appellant contends that the trial court erred in granting default judgment in favor of appellee, Miami System Corporation, d.b.a. Data Fold Forms. In its second assignment of error appellant argues that the trial court erred in denying appellant's motion to set aside the default

judgment. Because appellant's first assignment of error is rendered moot by our disposition of its second assignment of error, we need not address appellant's first assignment of error pursuant to App.R. 12(A)(1)(c). As to appellant's second assignment of error, we hold that the trial court abused its discretion in not granting appellant's motion to set aside the default judgment.

Appellee filed a complaint alleging breach of contract against appellant on March 19, 1991. Negotiations began between the parties' attorneys to resolve the matter. Appellant's attorney, located in Pennsylvania, understood that there was an agreement that appellant did not need to answer appellee's complaint until the negotiations reached an impasse. Negotiations continued. On July 2, 1991, appellee's attorney sent appellant's attorney a letter which stated that if there was no commitment by appellant to satisfy its debt by July 12, 1991, appellee's attorney would have no alternative but to proceed with the litigation. On July 17, 1991, appellee filed a motion for default judgment. Neither appellant nor its attorney was served with the motion. On September 13, 1991, appellee's attorney sent a letter to appellant's attorney informing him that the court had set a telephone report for September 19, 1991, at 2:00 p.m., and that should he wish to participate he should contact the court.

On October 11, 1991, appellee's counsel informed appellant's counsel by letter that "the court has set Thursday, October 24, 1991 at 1:30 P.M. before Referee Clear for default." Not being aware of the pending default judgment motion and believing this to be another telephone report, appellant's counsel did not participate. Appellant and appellant's counsel both received, by letter from appellee's counsel dated October 25, 1991, copies of the referee's report granting default judgment to appellee.

On November 7, 1991, appellant's recently retained local counsel filed, without leave of court, an answer and counterclaim on its behalf. Appellee filed a motion to strike those pleadings. On November 27, 1991, appellant filed a motion for leave to file an answer and counterclaim out of time and an opposition to appellee's motion to strike. No objections to the referee's report were filed.

On December 16, 1991, appellant's counsel appeared before the judge originally assigned to the case in order to argue the pending motions. The matter was continued at that time to a date undetermined. The case was subsequently reassigned to a different judge because of a potential conflict of interest. A hearing on the default judgment was held on January 13, 1992. Because neither appellant nor its counsel was informed of the hearing date, appellant's counsel failed to appear. At the hearing the trial court sustained appellee's motion for default judgment. No ruling was made as to appellant's motion for leave to file its answer out of time and no hearing was had as to appellee's damages claim. Appellant was not served with a copy of the default judgment entry.

On March 13, 1992, appellant filed its motion to set aside the default judgment. Appellee filed its opposition on April 6, 1992. The trial court denied appellant's motion by an entry journalized June 10, 1992. Appellant filed its appeal on July 7, 1992, as to the January 13, 1992 default judgment entry and the June 10, 1992 denial of the motion to set aside the judgment.

To prevail upon its Civ.R. 60(B) motion appellant, as the moving party, had to establish below that (1) it had a meritorious defense or claim to present if relief was granted; (2) it was entitled to relief under one of the grounds set forth in Civ.R. 60(B)(1) through (5); and (3) the motion was made within a reasonable time, and if the grounds for relief were 60(B)(1), (2), or (3), not more than one year had elapsed since the judgment was entered. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. The evidentiary materials presented by the movant "must present 'operative facts' and not mere general allegations to justify relief." *Hornyak v. Brooks* (1984), 16 Ohio App.3d 105, 106, 16 OBR 111, 113, 474 N.E.2d 676, 678. The trial court's disposition of a Civ.R. 60(B) motion is subject to reversal only for an abuse of discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122, 1123–1124. An abuse-of-discretion standard "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149. Our review of the record reveals that each of the requirements set out in *GTE* was met in the case *sub judice.*

We conclude that appellant met the threshold standards for a Civ.R. 60(B) motion in that it set forth a meritorious defense in its answer filed with its motion for leave to file out of time[1] and in the affidavits and exhibits attached to the supplemental memorandum to its Civ.R. 60(B) motion. Therein appellant contended that the goods delivered by appellee were materially defective and not fit for the purpose intended, resulting in damages to appellant. It further alleged that a substantial part of the goods for which appellee sought payment was never ordered by appellant and remained in appellee's inventory. If appellant can prove its allegations, it would have a meritorious defense to appellee's claim. "Under Civ.R. 60(B), a movant's burden is only to allege a meritorious defense, not to prove that he will prevail on that defense." *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564, 566.

---

1. The trial court did not address appellant's motion for leave to file its answer and counterclaim out of time prior to filing its default judgment entry. We hold this failure to respond to the motion or to even acknowledge that it had been filed was error and we will address it under our discussion of the second prong of the Civ.R. 60(B) motion requirements.

The timeliness of appellant's Civ.R. 60(B) motion is not contested by appellee. We agree with the parties that the filing of a Civ.R. 60(B) motion eleven days after appellant's attorney first received notification that the trial court had granted appellee's default judgment motion and two months after the trial court had entered the order is within a reasonable time.

We further conclude that appellant was entitled to relief under Civ.R. 60(B). The rule states, in pertinent part, that: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *." Civ.R. 60(B)(1) is a remedial rule entitled to liberal construction with a view to effectuate just results. *Rose Chevrolet, Inc., supra.* The movant "has the burden to demonstrate by operative facts a *prima facie* case of 'excusable neglect' showing that the ends of justice will be served by vacating the judgment. To this extent, the quantum of evidence necessary depends upon all surrounding facts and circumstances." *Childs v. Kelley* (Jan. 23, 1991), Hamilton App. No. C–890468, unreported, 1991 WL 6360. " 'Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be in favor of the motion to set aside the judgment so that cases may be decided on their merits.' " *Doddridge v. Fitzpatrick* (1978), 53 Ohio St.2d 9, 13, 7 O.O.3d 5, 7, 371 N.E.2d 214, 217, quoting *GTE Automatic Elec. v. ARC Industries, supra,* at paragraph three of the syllabus.

Appellant's attorney stated by affidavit that default judgment was taken against his client while he was under the impression that the parties were negotiating; that they had informally agreed that no formal answer or responsive pleading was required until the negotiations proved ineffectual; and that settlement options were being discussed as late as October 23, 1991, three months after appellee had filed its default judgment motion with the court. Furthermore, the attorney swore that he was not served with a copy of the motion for default. We hold the lack of notice of the default judgment motion, while negotiations were still in progress and when the appellee's counsel knew the appellant's counsel's identity, to be probative of excusable neglect. *Ohio Farmers Ins. Co. v. Sutton* (Nov. 30, 1983), Hamilton App. Nos. C–820324, C–830297, unreported, 1983 WL 5335. While the fact that the appellant's attorney had expressed a clear intention to defend the claim to appellee's attorney was arguably an appearance sufficient to trigger the applicability of the seven-day notice provision of Civ.R. 55(A) for the hearing held before the referee on October 24, 1991,[2] see, *e.g., AMCA*

---

2. While appellee argues that its October 11, 1991 letter was sufficient notice of the default judgment motion, we disagree. When a party has pled or otherwise defended such that it has

*Internatl. Corp. v. Carlton* (1984), 10 Ohio St.3d 88, 10 OBR 417, 461 N.E.2d 1282; *Ohio Farmers Ins. Co., supra; Baines v. Harwood* (1993), 87 Ohio App.3d 345, 622 N.E.2d 372; *Browning v. Health Ent. of Am., Inc.* (June 26, 1987), Crawford App. No. 3–86–1, unreported, 1987 WL 13484, we find even more compelling that appellant was entitled to notice of the trial court's own January 13, 1992 hearing on appellee's motion for default judgment. At that time and before the trial court's action on the default judgment motion, appellant had made an appearance by filing its answer and counterclaim contesting appellee's allegations, which entitled it to such notice. See *Suki v. Blume* (1983), 9 Ohio App.3d 289, 9 OBR 536, 459 N.E.2d 1311.

We hold that the trial court was unreasonable under the facts and circumstances of this case, see *AAAA Ent., Inc. v. River Place Community Urban Redev. Corp.* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597, 601, and had no basis for not granting appellant's Civ.R. 60(B) motion where appellant had demonstrated the existence of a meritorious defense and entitlement to relief under one of the grounds set forth in Civ.R. 60(B), and where such motion had been timely made.

Accordingly, we reverse the trial court's June 10, 1992 order and remand this cause for further proceedings in accordance with law.

*Judgment reversed*
*and cause remanded.*

SHANNON, P.J., HILDEBRANDT and GORMAN, JJ., concur.

___

"appeared" in the action, it is entitled to notice of a default judgment motion pursuant to Civ.R. 55(A). Civ.R. 5(A) provides that every written notice must be served upon each of the parties and Civ.R. 5(D) states that papers filed with the court cannot be considered until proof of service is endorsed thereon or filed separately. "Thus, in general, service must be given to all parties when a written notice is filed, or the notice cannot be considered by the court." *Clay Hyder Trucking Lines, Inc. v. Riley* (1984), 16 Ohio App.3d 224, 225, 16 OBR 240, 241, 475 N.E.2d 183, 185. The record demonstrates that the motion for default judgment did not contain a certificate of service as required by the rule. Likewise the letter upon which appellee claims it provided notice was not filed by appellee with the court nor did it contain a certificate of service. Thus, any claim by appellee that the appellant was provided with sufficient notice of the default judgment motion is meritless.