DECISION AND JOURNAL ENTRY
Appellant Shawn Petty has appealed from an order of the Lorain County Common Pleas Court that vacated its previous entry of summary judgment in his favor. This Court reverses.
 I.
On March 31, 1998, Appellee Duane B. Dooley filed a complaint in the Lorain County Common Pleas Court, naming the city of Lorain and Appellant Shawn Petty, an officer in the city of Lorain Police Department (Officer Petty), as defendants. The complaint set forth claims of unlawful arrest, false imprisonment and malicious prosecution.
On May 19, 1998, the city of Lorain moved to dismiss the claim against it, arguing that it was entitled to sovereign immunity pursuant to R.C.2744.02. The trial court agreed, and on November 24, 1998, granted the city's motion.
On March 23, 1999, Officer Petty filed a motion for summary judgment, arguing that (1) he was shielded from liability pursuant to R.C. 2744.03, and (2) in the alternative, that summary judgment was proper because Dooley could not establish a genuine issue of material fact on any of his three claims. The time for filing a response in opposition passed without any action by Dooley. Thereafter, on May 28, 1999, the trial court entered summary judgment in favor of Officer Petty "based on the evidence presented" and because Dooley had "failed to file a response showing that there [was] an issue for trial."
On June 8, 1999, Dooley filed a timely motion for relief from judgment pursuant to Civ.R. 60(B). In his motion, Dooley claimed that his failure to file a response was due to "excusable neglect" and that he, in fact, had a meritorious claim. Specifically, Dooley stated that his counsel left for a week and one-half vacation the day after receiving the motion and as a result, the motion was placed in counsel's file without being reviewed. Dooley further stated that during the following two months his counsel was engaged in two felony cases and appeared in over eighty miscellaneous criminal proceedings. On October 7, 1999, the trial court conducted a hearing on Dooley's motion. One week later, the trial court granted the motion and vacated its May 28, 1999 order. Officer Petty timely appealed, asserting one assignment of error.
 II. Whether the trial court erred in granting [Dooley's] motion for relief from judgment pursuant to [Civ.R. 60(B)].
For his sole assignment of error, Officer Petty has argued that the trial court abused its discretion by granting Dooley's motion for relief from judgment. Indeed, Officer Petty has insisted that Dooley's explanation for his failure to respond to the motion for summary judgment is inexcusable. Vacation and other pressing litigation, Officer Petty has argued, do not constitute "excusable neglect" as intended under Civ.R. 60(B).
In turn, Dooley has asserted that the trial court's grant of relief from judgment has neither caused Officer Petty any prejudice nor will deny him his day in court. As such, Dooley has claimed that the trial court did not abuse its discretion. Finally, Dooley has argued that a genuine issue of material fact exists as to each of his three underlying claims.
In order to prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that:
 (1) the party has a meritorious defense or claim to present if relief is granted;
 (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and,
 (3) the motion is made within a reasonable time, and, where grounds for relief are Civ.R. 60(B)(1),(2) or (3), not more than one year after the judgment, or order or proceeding was entered or taken.
 GTE Automatic Electric, Inc. v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. All three of the requirements must be met for the motion to be granted. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20. In other words, if the movant cannot satisfy each element, relief from judgment would be improper.
When reviewing a trial court's decision on a Civ.R. 60(B) motion, this Court may not overturn the trial court unless its decision constitutes an abuse of discretion. Rose Chevrolet, Inc., 36 Ohio St.3d at 21. The trial court abuses its discretion when its actions are arbitrary, unreasonable or unconscionable. See State ex rel. The V Cos. v.Marshall (1998), 81 Ohio St.3d 467, 469.
In the instant case, Dooley did not satisfy the second element of theGTE Automatic Elec., Inc. test. Under the second prong, relief from judgment may be granted for "mistake, inadvertence, surprise or excusable neglect." Civ.R. 60(B)(1). What constitutes "excusable neglect" is determined from all the surrounding facts and circumstances. See MiamiSys., Corp. v. Dry Cleaning Computer Sys., Inc. (1993), 90 Ohio App.3d 181,185. Dooley has claimed that the facts of this case constitute "excusable neglect." This Court disagrees.
Counsel for Dooley received the motion for summary judgment the day before leaving for vacation. According to Dooley's motion for relief from judgment, the secretary for Dooley's counsel then placed the motion in the case file after counsel departed for his vacation. Thus, the motion was received prior to counsel's trip, and he failed to see it due to the press of other, apparently overwhelming, matters. The dissent in this case, arguing that such conduct is excusable, invokes the Ohio Supreme Court's decision in Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18. In Kay, the defendant's attorney received the summons and complaint and prepared and signed an answer. The answer was then given to the attorney's secretary. Nevertheless, because the office was very disorganized at the time due to the retirement of the attorney's bookkeeper, the secretary mistakenly put the answer back in the case file without ever filing it with the trial court. Once the attorney discovered that a default judgment had been rendered against his client, he filed a copy of the signed, unfiled answer and a motion for relief from judgment, attaching affidavits from himself, his law clerk, and his secretary. The Ohio Supreme Court held that under those circumstances, excusable neglect was shown. Id. at 21.
This Court concludes, however, that the instant case is factually distinguishable from Kay. Where the facts and circumstances surrounding a case rise to the level of a "complete disregard for the judicial system," "excusable neglect" is necessarily precluded. See id. at 20, citing GTE Automatic Elec. Inc., 47 Ohio St.2d at 153 and Rose,36 Ohio St.3d at 21, fn. 4. In the case at bar, counsel for Dooley has not averred that his inaction was due to anything extraordinary. Instead, counsel has claimed that he received the motion, that he went on vacation the next day, that his secretary placed the motion in the file, and that upon his return, other miscellaneous matters consumed his time. Dooley and his counsel have not offered any explanation as to why Dooley's counsel didn't see the motion the day his office received it or clarified why he did not arrange for another attorney to oversee his files during his absence. The absence of such particulars is fatal to a motion for relief from judgment claiming excusable neglect. See, e.g., Peters v.Vokas Provision Company (Oct. 28, 1998), Summit App. No. 19057, unreported, at 4-5. Indeed, counsel's preoccupation with other litigation and failure to read a motion constitutes a complete disregard for the judicial system, and as the court in Vanest v. Pillsbury Co.
(1997), 124 Ohio App.3d 525, 538, observed, do not rise to the level of "excusable neglect."[1] See, also, Wolotsky v. Portage Path CommunityHealth Center (Apr. 12, 1995), Summit App. 16827, unreported, at 3-4 (holding that Civ.R. 60(B) relief was improper for counsel's failure to respond to a motion for summary judgment). Although Civ.R. 60(B)(1) is a remedial rule, which requires liberal construction in favor of a determination on the merits, this Court has observed that the rule cannot be used to emasculate procedural rules and time limits. Id. at 3, citingGriffey v. Rajan (1987), 33 Ohio St.3d 75, 79 and Brown v. Akron BeaconJournal Publishing Co. (1991), 81 Ohio App.3d 135, 140. As such, Dooley did not satisfy the requirements of the GTE Automatic Elec., Inc. test, and the trial court abused its discretion by granting relief. Officer Petty's assignment of error is well taken.
 III.
Officer Petty's assignment of error is sustained. The judgment of the trial court is reversed, and the May 28, 1999 order is hereby reinstated.
Judgment reversed
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ BETH WHITMORE
BAIRD, P. J. CONCURS CARR, J.
DISSENTS SAYING:
_____ I respectfully dissent. The determination of what constitutes "excusable neglect" under Civ.R. 60(B)(1) is primarily a judgment call for the trial court in which all the surrounding facts and circumstances must be considered. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 79.
An appellate court reviews a decision on a Civ.R. 60(B) motion under the abuse of discretion standard. Strack v. Pelton (1994),70 Ohio St.3d 172, 174. Abuse of discretion connotes that the court's decision was unreasonable, arbitrary, or unconscionable. Cedar BayConstr., Inc. v. Fremont (1990), 50 Ohio St.3d 19, 22. It is found in the rare instance when a decision is so grossly violative of fact and logic so as to demonstrate perversity of will, defiance of judgment, undue passion, or extreme bias. Huffman v. Hair Surgeon, Inc. (1985),19 Ohio St.3d 83, 87. Thus, an abuse of discretion cannot be found simply because a reviewing court would have decided the case differently.
Although each individual case must be looked at specifically based on its own facts and circumstances, the Ohio Supreme Court in Kay v. MarcGlassman, Inc. (1996), 76 Ohio St.3d 18, provided guidance as to what type of circumstances may be regarded as excusable neglect and lends support to the trial court's finding here. In Kay, an attorney did not file an answer because a secretary misfiled it due to office reorganization. The Supreme Court reiterated its position that inaction based on "complete disregard for the judicial system" does not constitute "excusable neglect." Kay, at 20, citing GTE Automatic Elec. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, 153 and Rose Chevrolet, Inc.v. Adams (1988), 36 Ohio St.3d 17, 21. However, the Court went on to hold that the attorney's conduct in failing to file his answer was due to excusable neglect and held that the trial court had abused its discretion in not granting the Civ.R. 60(B) motion.
The facts and circumstances here closely mirror Kay. In the case subjudice, the attorney did not file an answer due to his secretary placing the summary judgment motion in the attorney's case file while he was on vacation. According to his Civ.R. 60(B) motion, which he verified as true, he did not know of the summary judgment motion until after it had been granted by the trial court.
The trial court reviewed these facts and made a "judgment call" that counsel's failure to file a response under these circumstances amounted to excusable neglect. I cannot find that the trial court's decision was so volatile of fact and logic so as to demonstrate perversity of will, defiance of judgment, undue passion or extreme bias. See Huffman,19 Ohio St.3d at 87. I would affirm.
[1] This Court is mindful of the difficulty trial courts encounter when trying to satisfy their obligation to apply Ohio Supreme Court law in cases, such as this one, where factual distinctions are often critical. In this case, Dooley's counsel's failure to respond to a motion for summary judgment, claiming that only vacation and the press of other matters prevented such action, is exactly the type of disregard for the judicial system which the Ohio Supreme Court has repeatedly determined to be inexcusable. See, generally, Davis v. Immediate Med. Serv. Inc.
(1997), 80 Ohio St.3d 10, 13-15, and Miller v. Lint (1980),62 Ohio St.2d 209, 214.