This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Gene Woodson has appealed from an order of the Summit County Common Pleas Court that vacated its previous entry of default judgment. This Court reverses.
 I.
On March 17, 1999, Appellant filed his complaint in the Summit County Common Pleas Court, naming Appellee Gregory Carlson as a defendant. After service was effected on Appellee on April 13, 1999, he had until May 12, 1999 to submit an answer. However, the secretary for counsel for Appellee submitted her resignation on May 10, 1999. She felt overworked. As a result, the May 12, 1999 deadline passed without Appellee's answer. On May 13, 1999, Appellant moved for a default judgment. The following day, Appellee moved for leave to plead. The official last day for counsel's secretary was May 28, 1999.
On June 21, 1999, counsel for Appellee filed an answer and counterclaim. One week later, Appellant moved to strike. During the next week or so, counsel for Appellee relocated to another law firm and once again enjoyed secretarial support. On July 13, 1999, Appellee requested an extension in which to respond to Appellant's motion to strike. That same day, the trial court granted Appellant's motion for a default judgment and held the motion to strike moot.
On August 24, 1999, forty-two days after the default judgment, Appellee invoked Civ.R. 60(B) and moved to vacate. In that motion, counsel for Appellee pointed out that during the week that Appellant moved for default judgment, he lost his secretary because she felt overworked and that he moved to another firm approximately four weeks later. He also complained that up until the move, he was without any secretarial assistance. In the end, Appellee argued that the circumstances leading up to his failure to file an answer and respond to the motion for default judgment equate to excusable neglect.
On September 19, 2000, the trial court agreed with Appellee's position and granted the motion to vacate its entry of default judgment. Appellant timely appealed, asserting two assignments of error.
 II.
First Assignment of Error
 The trial court erred in granting Appellee's motion to vacate default judgment because excusable neglect was not shown by Appellee, nor was his motion timely filed.
For his first assignment of error, Appellant has argued that the trial court abused its discretion by granting Appellee's motion for relief from judgment. Indeed, Appellant has insisted that the explanation for Appellee's failure to respond to the motion for default judgment is inexcusable. Understaffing, Appellant has argued, does not constitute "excusable neglect" as intended under Civ.R. 60(B).
In turn, Appellee has asserted that the trial court's grant of relief from judgment was not an abuse of discretion. Specifically, he has argued that the resignation of his secretary at the time the answer was due, her ultimate departure and the relocation of his offices should excuse his neglect.
In order to prevail on a Civ.R. 60(B) motion asserting excusable neglect, the moving party must demonstrate that: (1) the facts of the case, if proven, would provide the party a meritorious defense or claim if relief is granted; (2) the party is entitled to relief as a result of excusable neglect; and, (3) the motion is made within a reasonable time, not more than one year after the judgment, order or proceeding. See GTEAutomatic Electric, Inc. v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus; see, also, Bruell v. Jaber (Sept. 16, 1998), Summit App. No. 18802, unreported, at 10. However, what constitutes "excusable neglect" is determined from all the surrounding facts and circumstances. Miami Sys., Corp. v. Dry Cleaning ComputerSys., Inc. (1993), 90 Ohio App.3d 181, 185. Further, where the facts and circumstances surrounding a case rise to the level of a "complete disregard for the judicial system," "excusable neglect" is necessarily precluded. See Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20; see, also, Dooley v. Lorain (Oct. 25, 2000), Lorain App. No. 99CA007487, unreported, at 5. All three of the requirements must be met for the motion to be granted. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20. In other words, if the movant cannot satisfy each element, relief from judgment would be improper.
When reviewing a trial court's decision on a Civ.R. 60(B) motion, this Court may not overturn the trial court unless its decision constitutes an abuse of discretion. Id. at 21. The trial court abuses its discretion when its actions are arbitrary, unreasonable or unconscionable. SeeState ex rel. The V Cos. v. Marshall (1998), 81 Ohio St.3d 467, 469.
In the case at bar, counsel for Appellee has suggested that he satisfied each of the tripartite test. This Court disagrees. Assuming that he could satisfy the first and third elements of the GTE AutomaticElec., Inc. test, he nevertheless failed to make the requisite showing of excusable neglect. Appellee's original answer deadline was May 12, 1999. Appellant moved for default judgment the next day. On May 14, when counsel submitted his leave to plead, certifying that no previous leave to plead had been given, Appellee received an automatic twenty-one day extension pursuant to local rule, thus making his answer date June 2, 1999. Aames Capital Corp. v. Wells (Aug. 4, 1999), Summit App. No. 19402, unreported, at 2-3 (applying Rule 7.13 of the Summit County Court of Common Pleas, General Division). Counsel missed this deadline as well, waiting until June 21, 1999 to file Appellee's answer and counterclaims. It was during these weeks that counsel has claimed to have been without secretarial support.
Under the facts of this case, counsel's failure to timely submit an answer after missing one deadline and then another constitutes a complete disregard for the judicial system. It is clear from the record that counsel was aware of the answer's due date, yet shirked his responsibilities, hiding behind the loss of his secretary. Ohio law does not excuse such conduct; once the legal secretary had left her position, Appellee's counsel had a responsibility to ensure that someone, including counsel himself, performed her functions until a new secretary had been retained and that his obligations to both the trial court and his client were met. See, e.g., Hughes v. TransOhio Savings Bank (Nov. 16, 1990), Portage App. No. 89-P-2055, unreported, 1990 Ohio App. LEXIS 4980, at *14; see, also, Dooley, supra, at 6 (holding inexcusable counsel's failure to respond to a motion for summary judgment after receiving it because he left for vacation and his secretary put it in the file). Therefore, Appellee and his counsel failed to satisfy each of the three requirements set forth in GTE Automatic Elec., Inc., and the trial court abused its discretion by granting relief. Appellant's first assignment of error is well taken.
 III.
Appellant's first assignment of error is sustained. This Court declines to address Appellant's second assignment of error, pursuant to App.R. 12(A)(1)(c). The judgment of the trial court is reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
______________________________________ BETH WHITMORE
SLABY, P.J. CONCURS.