OPINION
Plaintiff, Globe American Casualty Company, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion of defendant, Thomas Lindsay, for relief from judgment under Civ.R. 60(B). In granting the motion, the trial court vacated plaintiff's default judgment against defendant in the amount of $18,180.29. For the following reasons, this court reverses the decision of the trial court.
On July 12, 1997, defendant was involved in an automobile accident with Sonya Corbet and Demitra Allen. At the time of the accident, Corbet and Allen were insured by plaintiff. Pursuant to an uninsured motorist coverage provision, plaintiff paid $5,130.29 to Corbet and $12,800 to Allen. Thereafter, plaintiff became subrogated to the rights of its insureds.
On July 9, 1999, plaintiff filed a complaint against defendant seeking to recover the $17,930.29 it paid to its insureds, plus costs incurred in bringing the action. A summons, a copy of the complaint, and a copy of the clerk of court's original case schedule were served upon defendant via certified mail on July 14, 1999. After defendant failed to answer within twenty-eight days, plaintiff, on September 20, 1999, moved for default judgment. The trial court entered a default judgment against defendant on September 27, 1999. Defendant retained counsel and filed a Civ.R. 60(B) motion for relief from judgment on December 29, 1999.
In his affidavit attached to his Civ.R. 60(B) motion, defendant claimed that he was entitled to relief from judgment because he filed the motion in a timely manner, had a meritorious defense to plaintiff's claim, i.e., that the accident at issue was caused by the negligence of plaintiff's insureds, and that his failure to file an answer to plaintiff's complaint was the result of excusable neglect. The trial court ultimately granted the motion on January 23, 2001.[1] Plaintiff has timely appealed, asserting a single assignment of error:
 The trial court erred in granting appellee/defendant's motion for relief from judgment on May 10, 2000.
Civ.R. 60(B) provides the method by which a party may obtain relief from a final judgment. Civ.R. 60(B) provides, in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect ***. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. ***
In GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Ohio Supreme Court states, as follows:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment or order was entered or taken.
Failure to establish one of the foregoing requirements is fatal to a claim for relief from judgment. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20. The question of whether relief from judgment should be granted is addressed to the sound discretion of the trial court. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Initially, we note that the timeliness of defendant's Civ.R. 60(B) motion is not contested by plaintiff. Further, we find that defendant demonstrated a meritorious defense to plaintiff's claim. In his affidavit, defendant asserted that he did not operate his vehicle in a negligent manner and that the accident was caused by the negligence of plaintiff's insureds in failing to stop at a stop sign at the intersection where the accident occurred. The movant's burden is only to allege a meritorious defense, not to prove that he will ultimately prevail on the merits. Rose Chevrolet, supra, at 21; Miami Sys. Corp. v. Dry Cleaning Computer Sys., Inc. (1993), 90 Ohio App.3d 181, 184. Based upon the attestations contained in defendant's affidavit, we find that defendant sufficiently asserted a meritorious defense by denying fault and by alleging negligence on the part of plaintiff's insureds.
Having determined that the trial court did not abuse its discretion in finding that defendant's motion for relief was timely filed and that he set forth a meritorious defense to plaintiff's claim, the issue resolves to whether the trial court abused its discretion in determining that defendant is entitled to relief under Civ.R. 60(B)(1), specifically, excusable neglect. In Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18,20, the Ohio Supreme Court defined "excusable neglect" as follows:
 *** The term "excusable neglect" is an elusive concept which has been difficult to define and to apply. Nevertheless, we have previously defined "excusable neglect" in the negative and have stated that the inaction of a defendant is not "excusable neglect" if it can be labeled as a "complete disregard for the judicial system." *** [Citations omitted.]
In the instant case, the trial court determined that defendant's failure to answer plaintiff's complaint did not represent a complete disregard for the judicial system. Upon review of the facts and circumstances contained in the record, we conclude that the trial court abused its discretion in so finding.
Defendant admits that his failure to take action upon receipt of the summons and complaint was the result of neglect; however, he maintains that such neglect was excusable because he, a lay person, was confused by the dates contained in the case schedule and thought he had until November 1999 to respond to the complaint.[2] Defendant further argues that he did not understand the meaning of the term "default judgment" at the time he received the summons and complaint. He further contends that he realized the gravity of the situation only after the default judgment was entered and he thereafter contacted an attorney.
The determination of whether a party's neglect is excusable or inexcusable must, of necessity, take into consideration the surrounding facts and circumstances. Colley v. Bazell (1980), 64 Ohio St.2d 243,249; Miami Sys. Corp., supra, at 185. The party attempting to demonstrate relief should be granted must make a prima facie showing that the ends of justice will be better served by setting the judgment aside. Rose Chevrolet, supra, at 21.
Under the circumstances of the instant case, we find that defendant's failure to file an answer did not constitute excusable neglect under Civ.R. 60(B)(1). Defendant acknowledges that he was served with the summons and complaint. The summons admonished defendant that he was required to file an answer within twenty-eight days of service or suffer a default judgment for the relief demanded in the complaint. Despite these circumstances, defendant did not retain an attorney or take other appropriate action. If defendant did not understand the import of the term "default judgment," the consequences of the failure to file a response to the complaint, and/or was confused by the information and dates set forth in the case schedule, it was incumbent upon him to seek prompt legal advice. Ansec v. Marciano (Dec. 1, 1983), Cuyahoga App. No. 46836, unreported (failure to understand precise legal implications does not justify ignoring legal process). See, also, Curry v. J. Bowers Constr., Inc. (Feb. 28, 2001), Summit App. No. 20287 (lack of familiarity with judicial system as lay person is not a decisive factor in determining excusable neglect where circumstances should have alerted one to the need to act promptly); General Motors Acceptance Corp. v. Fage (Mar. 13, 1985), Summit App. No. 11805, unreported (Civ.R. 60[B][1] relief not available to defendant who failed to make any effort to respond to complaint, including failing to contact an attorney); West Terrace, Inc. v. Davison (Aug. 29, 1991), Cuyahoga App. No. 58713, unreported (inexperience with litigation matters and/or failure to understand consequences of complaint may not constitute excusable neglect under Civ.R. 60[B][1]); Walton Constr. Co. v. Perry (Oct. 25, 1996), Montgomery App. No. 15707, unreported (where summons clearly put defendant on notice that default judgment would be taken if no answer filed with court, failure to file answer deemed inexcusable within contemplation of Civ.R. 60[B][1]); Roe v. Nicholas (Apr. 26, 2001), Guernsey App. No. 00CA32, unreported (failure to plead and/or seek legal advice after admittedly receiving complaint not excusable neglect under Civ.R. 60[B][1]); Lebanon Auto Parts v. Dracakis (Apr. 17, 2000), Warren App. No. CA99-09-110, unreported (courts should not use Civ.R. 60[B][1] to relieve pro se litigants who are careless or unfamiliar with legal system).
Based on the record before us, we find that defendant failed to demonstrate operative facts showing entitlement to relief under Civ.R. 60(B)(1). Thus, we conclude that the trial court abused its discretion in granting defendant's motion for relief from judgment. Accordingly, plaintiff's assignment of error is well-taken.
For the foregoing reasons, plaintiff's assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
BOWMAN and LAZARUS, JJ., concur.
[1] The trial court originally granted defendant's Civ.R. 60(B) motion on February 4, 2000. Plaintiff, on February 22, 2000, filed a Civ.R. 60(B) motion for relief from that judgment, asserting that it had not been properly served with defendant's Civ.R. 60(B) motion. On April 13, 2000, the trial court vacated its February 4, 2000 judgment and ordered defendant to re-file his Civ.R. 60(B) motion. In compliance with the court's order, defendant re-filed his Civ.R. 60(B) motion on May 10, 2000. Plaintiff filed a memorandum in opposition on May 25, 2000, and the trial court granted defendant's motion on January 23, 2001.
[2] The case schedule set November 26, 1999, as the cutoff date for the initial joint disclosure of witnesses.