DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas denying the motion for relief from judgment of plaintiff-appellant Sylvester Material ("Sylvester"). For the reasons that follow, we affirm the judgment of the trial court.
This breach of contract case was originally filed in July 1997. On March 3, 2000, after several years of what appellees characterize as "much contentious activity," the trial court filed a judgment entry which reads as follows:
 "This matter came for trial on February 28, 2000. All counsel and parties were present. Prior to commencement of the trial the parties agreed to submit this case to a binding arbitration session with Judge Richard B. McQuade. As a result, the trial date was vacated and this case was ordered to binding arbitration. Court Reporter Ninke was present and the above-listed agreement was read into the record by Judge Charles J. Doneghy. Accordingly, this case is dismissed, with prejudice, from the docket of the Court. The parties reserve the right to file a subsequent entry within forty-five (45) days of the date of this order."
That judgment entry was journalized on March 6, 2000.
Thereafter, on March 30, 2000, the trial court filed a "REVISED JUDGMENT ENTRY" which reads:
 "The March 3, 2000 Judgment Entry of this Court dismissing the above cause with prejudice is hereby vacated. The parties herein have consented to submit this matter to binding arbitration and have further consented to have Judge Richard McQuade serve as arbitrator.
 "Judge McQuade's decision in said arbitration will be final and binding on all parties and issues presented therein. Judge McQuade's decision will not be subject to appeal.
 "IT IS HEREBY ORDERED, ADJUDGED AND DECREED that this matter be, and hereby is, submitted to binding arbitration. It is further ordered that Judge Richard McQuade will serve as the arbitrator in this matter and that his decision will be final and binding on all parties and issues herein and that his decision will not be subject to appeal.
 "Judge McQuade's Opinion and Decision in the arbitration will be the final Judgment Entry of this Court."
That revised judgment entry was journalized on April 3, 2000.
On April 21, 2000, the arbitrator's decision was filed in the trial court and, on April 24, 2000, that decision was entered on the court's journal. The arbitrator awarded appellant $92,000 on its claim and awarded appellees $30,000 on their counter-claim. The arbitrator's decision also denied both parties prejudgment interest. Appellant filed an application to confirm the arbitrator's award and, on May 19, 2000, a judgment entry was journalized which reads:
 "Pursuant to [R.C.] Section 2711.09 the Plaintiff requests an order of this Court confirming the attached award and entering judgment thereon.
 "Judge Richard McQuade was chosen by consent of the parties and the court to render a decision in this matter. * * * The parties have consented that his decision is binding, final and non-appealable * * *.
 "It is hereby Ordered, Adjudged and Decreed that the Mcquade [sic] award is confirmed and this Court enters judgment thereon. Plaintiff is awarded judgment against defendant in the amount of $92,000.00, and defendant is awarded judgment against the plaintiff in the amount of $30,000.00"
Five days later, on May 24, 2000, appellant filed a motion for prejudgment interest in the trial court pursuant to R.C. 1343.03(A). In denying that motion, the trial court held, in an order journalized June 14, 2000, that the procedure was totally improper. Thereafter, appellant filed a notice of appeal to this court from the June 14, 2000 order denying it prejudgment interest. Appellees responded by filing a motion to dismiss the appeal.
In a decision and judgment entry journalized on January 8, 2001, we granted appellees' motion to dismiss the appeal. In particular, we held that the trial court's "REVISED JUDGMENT ENTRY" of April 3, 2000, which purported to vacate the March 6, 2000 entry, was void because the March 6, 2000 entry was a final appealable order. Accordingly, the trial court had no authority to vacate that final judgment except through the procedures set forth in Civ.R. 60. We further noted, however, that pursuant to R.C. 2711.09, the trial court did have the authority to entertain and rule on the application to confirm the arbitration award.
On March 6, 2001, appellant filed in the court below a motion for relief from judgment pursuant to Civ.R. 60(B)(5). Appellant asked the trial court to vacate its order of March 6, 2000 for the reason that the revised judgment entry of March 30, 2000 was entered with the consent of all parties, was signed by all parties and the trial judge and was therefore the end result intended by all parties and the court. In an order journalized on May 17, 2001, the trial court denied the motion for relief from judgment "after review of the applicable law" but without further explanation. It is from that judgment that appellant now appeals, raising the following assignment of error:
 "THE TRIAL COURT ERRED IN NOT GRANTING PLAINTIFF-APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT"
It is well established that a motion for relief from judgment pursuant to Civ.R. 60(B) is left to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Civ.R. 60(B) provides in relevant part:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
In order to obtain relief from judgment pursuant to Civ.R. 60(B), a movant must demonstrate that:
 "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec. v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
These requirements must be shown by "operative facts" presented in evidentiary material accompanying the request for relief. East Ohio GasCo. v. Walker (1978), 59 Ohio App.2d 216. Relief pursuant to Civ.R. 60(B) will be denied if the movant fails to adequately demonstrate any one of the requirements set forth in GTE, supra. Argo Plastic ProductsCo. v. Cleveland (1984), 15 Ohio St.3d 389, 391. See, also, Miami Sys.,Corp. v. Dry Cleaning Computer Sys., Inc. (1993), 90 Ohio App.3d 181;Youssefi v. Youssefi (1991), 81 Ohio App.3d 49.
Appellant filed its motion for relief from judgment pursuant to Civ.R. 60(B)(5), the catch-all provision, and, after setting forth the procedural history of the case, made the following argument in support of its motion:
 "Plaintiff submits that relief from judgment is appropriate and justified for several reasons in the present case. First, the Revised Judgment Entry of March 30, 2000 was done at the request of all parties and their counsel. In addition, the Revised Judgment Entry was signed by all parties, all counsel and Judge Doneghy. Clearly, these facts indicate that all parties to this case including the Court agreed to the Court vacating its March 6, 2000 order and being replaced by the March 30, 2000 order. Since the Court of Appeals has determined that a Civil Rule 60(B) motion is the only appropriate action to accomplish this, this Court is clearly justified in granting Plaintiff's Rule 60(B) motion. By granting Plaintiff's Motion, this Court would merely be accomplishing the end result it intended by vacating the March 6, 2000 order with the Revised Judgment Entry on March 30, 2000."
This is the only substantive argument appellant made in support of its motion.
Although the trial court denied the motion without explanation, we cannot say that the court abused its discretion in its ruling. In particular, we note that appellant did not establish or even argue in its motion that it had a meritorious defense or claim to present if the court granted the requested relief. Only now, before this court, has appellant asserted that it has a meritorious claim for prejudgment interest if relief were granted. Making such an argument for the first time before the court of appeals does not satisfy the standards set forth above for demonstrating entitlement to relief from judgment.
Accordingly, the trial court did not err in denying appellant's motion for relief from judgment and the sole assignment of error is not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Richard W. Knepper, J., and Mark L. Pietrykowski,P.J., CONCUR.