[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendants-appellants Boro Enterprises, Inc., and Ann Roedel appeal from the default judgment entered by the Hamilton County Court of Common Pleas granting default judgment in favor of plaintiff-appellee, Information Leasing Corporation.
{¶ 3} In their sole assignment of error, Boro Enterprises and Rodel argue that the trial court erred in granting the default judgment without the required seven-day notice and a hearing. We agree.
{¶ 4} Civ.R. 55(A) provides, in pertinent part,
{¶ 5} "If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."
{¶ 6} The staff notes to Civ.R. 55(A) further provide that a plaintiff is required to send a defendant notice of the default hearing seven days prior to the hearing if the defendant has otherwise defended or pleaded. The Ohio Supreme Court has held that where a defendant has not received any notice of default proceedings against him pursuant to Civ.R. 55(A), the entry of default judgment is improper.[1]
{¶ 7} The record reveals that Information Leasing Corporation filed a complaint against Boro Enterprises and Roedel in the Hamilton County Court of Common Pleas, seeking a monetary judgment against them. On October 15, 2001, Information Leasing Corporation, Boro Enterprises, and Roedel entered into an agreed stipulation that gave Boro Enterprises and Roedel until November 5, 2001, to file an answer or other pleading. On December 24, 2001, Information Leasing Corporation filed a motion for default judgment. On January 2, counsel for Boro Enterprises and Ann Roedel filed a notice of appearance and a notification form. The trial court granted default judgment to Information Leasing Corporation the following day.
{¶ 8} Civ.R. 55(A) states that an appearing party must be provided with a notice at least seven days prior to a hearing on a motion for default judgment. In this case, neither Boro Enterprises nor Roedel was served with notice of a default hearing as contemplated by Civ.R. 55. Because the trial court did not follow the procedure set forth in Civ.R. 55(A), we sustain the sole assignment of error. We, therefore, reverse the entry of default judgment and remand this case to the trial court for further proceedings in accordance with this judgment entry and the law.
{¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
[1] See AMCA Internatl. Corp. v. Carlton (1984), 10 Ohio St.3d 88,90-91, 461 N.E.2d 1282; see, also, Miami Sys. Corp. v. Dry CleaningComputer Sys., Inc. (1993), 90 Ohio App.3d 181, 185-186,628 N.E.2d 122.