DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, which denied the motion of appellant Glynis Machaterre for relief from a judgment that terminated an existing child support order. From that judgment, appellant raises the following assignment of error:
 {¶ 2} "The trial court erred in denying the Plaintiff/Appellant's Motion brought under Civ.R. 60(B) which denial was based on lack of jurisdiction over child support, lack of entitlement to relief under Civ.R. 60(B) and not being filed within a reasonable time."
 {¶ 3} On August 18, 1994, the lower court filed a judgment entry of divorce, granting Machaterre and defendant-appellee, Keith Looker, a divorce. In pertinent part, the order granted Machaterre custody of the parties' minor child Brian, born February 21, 1985, and ordered that Looker pay monthly child support of $420.25 through wage withholding.
 {¶ 4} On January 12, 2001, Looker filed a request with the Lucas County Child Support Enforcement Agency ("LCCSEA") for a hearing pursuant to former R.C. 3113.21(G)(4). Looker alleged that on December 22, 2000, the parties' minor child, Brian, had been sentenced to a juvenile corrections center for a period of six months up to his twenty-first birthday. Looker therefore asserted that because Brian was no longer living with Machaterre, Looker's child support obligation should be terminated. The LCCSEA then notified the lower court of the request and the matter was set for a hearing. That hearing was set for March 1, 2001, before a domestic relations court magistrate. At that hearing, however, only Machaterre appeared, without counsel. The magistrate then explained to Machaterre that because Brian was in the custody of the Juvenile Division of the Lucas County Court of Common Pleas, jurisdiction over Brian no longer lay in the domestic relations court. The magistrate further explained that upon the juvenile court's assumption of jurisdiction and custody over Brian, the domestic relations court's support order terminated and the juvenile court should have made a child support order. The magistrate then suggested that Machaterre obtain legal counsel and/or request the juvenile court judge to put on a child support order at Brian's upcoming appearance.
 {¶ 5} On April 4, 2001, the lower court filed a magistrate's decision with permanent order in which it found that the domestic relations court's jurisdiction over Brian terminated effective December 22, 2000, and that Looker's duty of support under the court's prior order also terminated as of December 22, 2000.
 {¶ 6} On April 2, 2002, the LCCSEA on behalf of Machaterre filed a motion for relief from judgment pursuant to Civ.R. 60(B). The motion asserted that the April 4, 2001 order was made in error in that Machaterre was not properly represented at the hearing and had not been properly advised of Brian's expenses during his detention. Appellant further asserted that Brian was at that time residing at the Youth Treatment Center but that Machaterre was required to provide clothing, laundry and personal hygiene supplies. Appellant then asserted that Brian would soon be ready for in-home visits in preparation for his return to Machaterre. Appellant therefore requested relief from the earlier judgment, an order reinstating Looker's support obligation, effective December 22, 2000, and an order that Looker be responsible for all of Brian's medical, dental, surgical, hospital and optical expenses.
 {¶ 7} In a judgment entry of April 29, 2002, the lower court denied appellant's motion for relief from judgment. In pertinent part, the court held that jurisdiction over Brian lay with the juvenile court and as such the prior order terminating Looker's support obligation on the basis that Brian was no longer living in Machaterre's home was proper. The court further held that appellant failed to demonstrate that she was entitled to relief under any of the five grounds enumerated in Civ.R. 60(B) and that the motion was not filed within a reasonable time as it was filed nearly one year after the date of the prior decision. It is from that judgment that appellant now appeals.
 {¶ 8} In her sole assignment of error, appellant challenges the denial of her motion for relief from judgment. Specifically, appellant asserts that the lower court had jurisdiction over the child support issue, that she was entitled to relief under Civ.R. 60(B) and that the motion was filed within a reasonable time given the circumstances of this case.
 {¶ 9} It is well established that a motion for relief from judgment pursuant to Civ.R. 60(B) is left to the sound discretion of the trial court, and that the court's ruling will not be disturbed on appeal absent a showing of an abuse of discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 10} Civ.R. 60(B) provides in relevant part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (4) * * * it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken." In order to obtain relief from judgment pursuant to Civ.R. 60(B), a movant must demonstrate that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion
 {¶ 11} is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElec., Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. These requirements must be shown by "operative facts" presented in evidentiary material accompanying the request for relief.Miami Sys., Corp. v. Dry Cleaning Computer Sys., Inc. (1993),90 Ohio App.3d 181, 184. Relief pursuant to Civ.R. 60(B) will be denied if the movant fails to adequately demonstrate any one of the requirements set forth in GTE, supra. Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 391.
 {¶ 12} Initially, we are compelled to address the issue of the domestic relations court's jurisdiction under the circumstances of this case. In its order of April 4, 2001, the lower court held that jurisdiction over Brian terminated upon his juvenile commitment on December 22, 2000 and that pursuant to that commitment, the prior support order also terminated. In its ruling on appellant's motion for relief from judgment, the lower court affirmed this holding. That holding, however, was in error.
 {¶ 13} R.C. 2151.23(A) provides that "[t]he juvenile court has exclusive original jurisdiction under the Revised Code: (1) [c]oncerning any child who on or about the date specified in the complaint is alleged to be a juvenile traffic offender, or a delinquent, unruly, abused, neglected, or dependent child; (2) [t]o determine the custody of any child not a ward of another court of this state; * * * (11) [t]o hear and determine a request for an order for the support of any child if the request is not ancillary to an action for divorce, dissolution of marriage, annulment, or legal separation, a criminal or civil action involving an allegation of domestic violence, or an action for support brought under Chapter 3115. of the Revised Code[.]" In In re Poling
(1992), 64 Ohio St.3d 211, the Supreme Court of Ohio addressed the issue of "whether a juvenile court has jurisdiction to consider the question of custody of dependent children, where custody has previously been determined and granted under a divorce decree pursuant to R.C. 3109.04." Id. at 213. The court concluded that "pursuant to R.C. 2151.23(A), the juvenile court has jurisdiction to determine the custody of a child alleged to be abused, neglected, or dependent when not the ward of any court in this state. Under our interpretation of subdivision (A)(2) of R.C. 2151.23, this jurisdiction includes children subject to a divorce decree granting custody pursuant to R.C. 3109.04." Id. at 215. The court further recognized, however, that "a court which renders a custody decision in a divorce case has continuing jurisdiction to modify that decision. * * * Hence, for the purposes of deciding custody where there has been a prior divorce decree, these courts can accurately be said to have concurrent jurisdiction." Id.
 {¶ 14} We believe that the reasoning of In re Poling is equally applicable to the circumstances of the present case and find that where a domestic relations court has previously entered a support order in a divorce case and the child who is the beneficiary of that support order is subsequently found to be delinquent in a juvenile court, the domestic relations court and the juvenile court have concurrent jurisdiction to entertain motions regarding that support order. Moreover, there is nothing in the Revised Code that provides for the automatic termination of a support order entered in a divorce case upon a juvenile court's determination of delinquency. Rather, R.C. 2151.36 reads in pertinent part: "When a child has been committed as provided by this chapter, the juvenile court shall issue an order pursuant to sections 3113.21 to3113.219 of the Revised Code requiring that the parent, guardian, or person charged with the child's support pay for the care, support, maintenance, and education of the child." Absent the issuance of this order pursuant to the juvenile court's concurrent jurisdiction, the original support order from the divorce court remains in effect. Accordingly, the trial court was mistaken in its belief that it did not have jurisdiction to entertain Looker's motion for termination of child support.
 {¶ 15} Nevertheless, we must conclude that the trial court did not abuse its discretion in denying Machaterre's motion for relief from judgment. It is not clear from Machaterre's motion under which section of Civ.R. 60(B) she claimed relief. Accordingly, it is further unclear which time limits apply to the motion. Although the motion was filed within one year from the date of the April 4, 2001 order, it is not clear that appellant was proceeding under Civ.R. 60(B)(1), (2) or (3). Similarly, if she was proceeding under Civ.R. 60(B)(4) or (5), she failed to support the motion with any evidentiary material to establish the timeliness of the motion. This was clearly her burden. Youssefi v. Youssefi (1991),81 Ohio App.3d 49, 53. Given that Looker was equally responsible for the care and support of Brian, R.C. 3103.031, Machaterre clearly had a claim for continued child support if she could establish that she was required to support Brian while he was in the Youth Treatment Center. However, establishing a claim or defense is only one prong of the three-part test which a movant must establish to gain relief from a judgment under Civ.R. 60(B).
 {¶ 16} In light of the inadequacies of Machaterre's motion for relief from judgment, we cannot say that the trial court erred in denying the motion and the sole assignment of error is not well-taken.
 {¶ 17} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Mark L. Pietrykowski, J., George M. Glasser,J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.