[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
 {¶ 2} U.S. Bank National Association ("USBNA") appeals from the judgment of the trial court granting the motion of defendants-appellees John Reindl and Reindl Powerboats LLC for relief from judgment pursuant to Civ.R. 60(B). We affirm the trial court's judgment.
 {¶ 3} This action arose from a dispute between rival claimants to a cashier's check for $57,499 written by Bank of America for its customer Coastline Marine Sales, Inc., and made payable to John Reindl and Fiberworks LLC. The check was deposited in an account maintained by Reindl Powerboats LLC at a local branch of USBNA, known as Firstar Bank.
 {¶ 4} USBNA filed a complaint for interpleader relief against Reindl, Reindl Powerboats LLC, Fiberworks LLC, Coastline Marine Sales, Inc., and Bank of America. USBNA sought an order from the court authorizing it to deposit with the court the amount of $57,499, directing the defendants to interplead their rival claims to the funds, enjoining the defendants from instituting an action against USBNA to recover the funds, and thereafter dismissing USBNA from the action with prejudice.
 {¶ 5} When none of the defendants filed an answer to the complaint, USBNA moved for a default judgment pursuant to Civ.R. 55 and submitted a proposed entry to the court for signature. USBNA did not serve the motion on the defendants. The court endorsed the entry, which granted judgment in favor of USBNA, barred the defendants from making any claim against USBNA for the money that USBNA had "sought to deposit with [the] Court," and permanently enjoined the defendants from instituting any action against USBNA to recover the money.
 {¶ 6} John Reindl and Reindl Powerboats LLC filed a motion for relief from the trial court's judgment pursuant to Civ.R. 60(B)(1) and for leave to file an answer out of time. The trial court granted the motion and vacated the default judgment. On appeal, USBNA now argues that the trial court abused its discretion in doing so.
 {¶ 7} Pursuant to Civ.R. 55, a default judgment may be set aside by the court in accordance with Civ.R. 60(B). Civ.R. 60(B)(1) allows the court to relieve a party from a final judgment for mistake, inadvertence, surprise, or excusable neglect. "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated inCiv.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered."[1]
 {¶ 8} The trial court's ruling on a Civ.R. 60(B) motion will be reversed only for an abuse of discretion.[2] An "abuse of discretion means more than a mere error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable."[3]
 {¶ 9} In their answer, Reindl and Reindl Powerboats LLC presented their claim to the proceeds from the cashier's check. Their motion for relief from judgment was timely. And the trial court found that, even if Reindl and Reindl Powerboats LLC had been negligent for failing to file a timely answer to the complaint, their conduct was excusable in light of the great variation between the demand for judgment in the complaint filed by USBNA and the relief granted by default.
 {¶ 10} As this court has said, "Whether neglect is excusable depends upon the facts and circumstances of each case."[4] In this case, Reindl and Reindl Powerboats LLC were required to set forth a prima facie case of excusable neglect, demonstrating that justice would be served by vacating the judgment.[5] "The quantum of evidence necessary depends upon all the surrounding facts and circumstances."[6]
 {¶ 11} In its written decision, the trial court noted that the relief sought in USBNA's complaint differed greatly from the relief that had been granted by default judgment. In its complaint, USBNA had specifically stated that it made no claim to the proceeds of the cashier's check. USBNA also had stated, "[W]ith the filing of this Complaint, [USBNA] tenders the amount of the check, which is $57,499, into the Registry of this Court." In its demand for judgment, USBNA sought (1) an order directing the defendants to interplead their claims to the proceeds; (2) an order authorizing USBNA to deposit $57,499 with the court; and (3) the dismissal of USBNA from the action with prejudice.
 {¶ 12} Civ.R. 54(C) provides that a judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Despite the relief sought in its complaint, the default judgment entry prepared by USBNA and endorsed by the court did not require the named defendants to interplead their claims to the proceeds or USBNA to tender to the court the amount of the disputed funds. The order simply barred the defendants from filing actions against USBNA for the proceeds, even though USBNA had admitted in its complaint that it had no claim to the proceeds.
 {¶ 13} Keeping in mind the fact that Civ.R. 60(B) is a remedial rule that should be liberally construed to achieve just results,[7] we cannot say that the trial court abused its discretion by granting relief from the default judgment. Therefore, we overrule the assignment of error and affirm the judgment of the trial court.
 {¶ 14} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Gorman and Winkler, JJ.
[1] GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.
[2] See Griffin v. Rajan (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122.
[3] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
[4] Poulos v. State Auto Mut. Ins. Co., 1st Dist. No. C-020266, 2003-Ohio-2899, citing Hopkins v. Quality Chevrolet, Inc. (1992),79 Ohio App.3d 578, 607 N.E.2d 914.
[5] See id.
[6] See Childs v. Kelley (Jan. 23, 1991), 1st Dist. No. C-890468; MiamiSystem Corp. v. Dry Cleaning Computer Systems, Inc. (1993),90 Ohio App.3d 181, 628 N.E.2d 122.
[7] See Miami System Corp. v. Dry Cleaning Computer Systems, Inc.
(1993), 90 Ohio App.3d 181, 628 N.E.2d 122; Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 520 N.E.2d 564.