OPINION
{¶ 1} Appellant Katherine Coyle appeals the February 16, 2005 Judgment Entry entered by the Stark County Court of Common Pleas, Family Court Division, which ordered her to pay child support arrearages in the amount of $330.64, and denied her Motion to Vacate Decree. Appellee is the Stark County Child Support Enforcement Agency ("CSEA").
 STATEMENT OF THE CASE AND FACTS {¶ 2} On November 13, 1995, the Stark County Department of Job and Family Services ("SCDJFS") filed a Complaint in the Stark County Court of Common Pleas, Juvenile Division, in Case Number JU 91287, alleging Nicole Coyle, appellant's daughter, was an abused or neglected child. The trial court placed Nicole in the temporary custody of SCDJFS, effective November 13, 1995. The trial court subsequently found Nicole to be a dependent child. Nicole remained in the custody of SCDJFS until October 2, 1996, when she was returned to appellant's home.
 {¶ 3} On December 7, 1995, CSEA filed a Motion for Child Support Orders, Wage Withholding Orders and Costs, seeking the trial court require appellant to provide for the support and maintenance of Nicole. Attorney Randy Muth appeared on behalf of appellant at a December 6, 1995 pre-trial hearing, however, the trial court did not file the judgment appointing him counsel until December 26, 1995. A copy of the motion for child support, which also included a notice of hearing set for January 31, 1996, was served upon appellant via certified mail.
 {¶ 4} Although both appellant and Attorney Muth appeared at the trial court's dispositional hearing on January 22, 1996, neither were present at the child support hearing on January 31, 1996. Via Magistrate's Decision filed February 1, 1996, the trial court ordered appellant to pay child support in the amount of $50/month, commencing December 7, 1995, as and for the support of Nicole. A copy of the trial court's order was sent via ordinary mail to appellant. The order was not sent to appellant's attorney. The matter was terminated via Judgment Entry filed April 1, 1997.
 {¶ 5} On June 28, 2004, CSEA filed a Motion to Determine Child Support Arrearages and for Costs and Attorney's Fees. On February 8, 2005, appellant, through counsel, filed a motion to vacate the child support decree which commenced on December 7, 1995. Appellant argued although she was represented by counsel at the time, counsel was not served with notice of CSEA's motion for support as required by Civ.R. 5 (B); therefore, the trial court's support order was improper as the trial court was divested of jurisdiction. The magistrate conducted an evidentiary hearing on CSEA's motion to determine arrearages and appellant's motion to vacate on February 11, 2005. Via Magistrate's Decision filed February 16, 2005, the magistrate determined appellant owed CSEA $330.64, plus processing charges, and denied appellant's motion to vacate. Appellant filed timely objections to the Magistrate's Decision, which the trial court overruled via Judgment Entry filed April 6, 2005.
 {¶ 6} It is from this judgment entry appellant appeals, raising the following assignment of error:
 {¶ 7} "I. THE TRIAL COURT ERRED BY REFUSING TO CANCEL THE CHILD SUPPORT ARREARAGE OWED BY THE APPELLANT."
 I {¶ 8} In her sole assignment of error, appellant contends the trial court erred in not vacating the child support arrearages order as she was improperly served with notice of the hearing. We agree.
 {¶ 9} Civ. R. Rule 5 (B) provides, in pertinent part:
 {¶ 10} "Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be madeupon the attorney unless service upon the party is ordered by thecourt. Service upon the attorney or party shall be made by delivering a copy to the person to be served, transmitting it to the office of the person to be served by facsimile transmission, mailing it to the last known address of the person to be served or, if no address is known, leaving it with the clerk of the court. * * *". (Emphasis added).
 {¶ 11} CSEA filed its December 7, 1995 motion for child support orders under the same case number as the dependency action. We are unpersuaded by CSEA's assertion Attorney Muth was only appointed for the dependency aspect of the matter; therefore, service upon appellant regarding the child support aspect was appropriate and necessary. The December 26, 1995 Judgment appointing Randy Muth as counsel for appellant does not place any limitations on the scope of his representation. We find pursuant to Civ.R. 5 (B), a copy of CSEA's December 7, 1995 motion for child support orders, which sets forth the January 31, 1996 hearing date, should have been sent to Attorney Muth. Accordingly, we find the trial court erred in denying appellant's motion to vacate. Accord, Perez v. Nagel, Summit App. No. 21437, 2003-Ohio-6584.
 {¶ 12} Appellant's sole assignment of error is sustained.
 {¶ 13} The judgment of the Stark County Court of Common Pleas, Family Court Division, is reversed and remanded for proceedings consistent with this opinion and the law.
By: Hoffman, P.J. Farmer, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Family Court Division, is reversed and remanded for proceedings consistent with this opinion and the law. Costs assessed to appellee.