[Cite as *Jee v. Absolute Fire Protection, Inc.*, 2016-Ohio-365.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| ELWOOD JEE, | : | APPEAL NO. C-150374 |
|  |  | TRIAL NO. A-1406239 |
| Plaintiff-Appellant, | : |  |
|  |  | *O P I N I O N.* |
| vs. | : |  |
|  |  |  |
| ABSOLUTE FIRE PROTECTION, INC., | : |  |
|  |  |  |
| Defendant-Appellee. | : |  |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: February 3, 2016

*Benjamin, Yocum & Heather, LLC,* and *Timothy P. Heather*, for Plaintiff-Appellant,

*Harry P. Hellings, Jr.,* for Defendant-Appellee.

Please note: this case has been removed from the accelerated calendar.

**SYLVIA SIEVE HENDON, Judge.**

{¶1}   Plaintiff-appellant Elwood Jee appeals the Hamilton County Common Pleas Court's judgment granting the motion by defendant-appellee, Absolute Fire Protection, Inc., ("Absolute Fire") for relief from judgment.

{¶2}   On October 22, 2014, Jee filed a complaint against Absolute Fire for breach of contract.  On October 27, 2014, the complaint was served by certified mail upon Absolute Fire at its corporate address and upon its statutory agent, Steve Strain, at the same address.

{¶3}   In December 2014, following Absolute Fire's failure to respond to the complaint, Jee filed a motion for a default judgment.   The trial court entered a default judgment in favor of Jee for $120,123.00, and Jee instituted garnishment proceedings.

{¶4}   On January 29, 2015, Absolute Fire filed a motion to set aside the default judgment pursuant to Civ.R. 60(B).  Absolute Fire supported its motion with an affidavit by Strain, who asserted that he was the company's "owner, operator and registered agent."  Strain averred that he had not known of Jee's complaint until the default judgment had been entered.  Strain also stated that the person who had signed for the complaints "was a new employee receptionist at the company and did not properly inform myself or anyone else about the lawsuit upon arrival."

{¶5}   On June 8, 2015, the trial court granted the Civ.R. 60(B) motion and set aside the default judgment.  In its judgment entry, the court stated that Absolute Fire's failure to answer Jee's complaint was due to "excusable neglect."

{¶6} In a single assignment of error, Jee argues that the trial court erred by granting Absolute Fire relief from the default judgment.

{¶7} To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate (1) a meritorious defense, (2) entitlement to relief under one of the grounds in the rule, and (3) that the motion was made within a reasonable time. *See GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150, 351 N.E.2d 113 (1976). The movant must meet all three prongs before relief may be granted. *Id.* at 151; *Heard v. Dubose*, 1st Dist. Hamilton No. C-060265, 2007-Ohio-551, ¶ 18. We review a trial court's decision on a Civ.R. 60(B) motion under an abuse-of-discretion standard. *See Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

{¶8} In this case, Absolute Fire failed to meet its burden to demonstrate that it had a meritorious defense. Although Absolute Fire was not required to submit evidence to support its defense, it did have to specifically allege operative facts that would support a defense. *See id.*; *Elyria Twp. Bd. of Trustees v. Kerstetter*, 91 Ohio App.3d 599, 602, 632 N.E.2d 1376 (9th Dist.1993). In his affidavit, Strain's only statement with respect to a defense was "I deny the allegations in the Complaint as filed, and believe I have valid defense [sic] to all allegations listed in the Complaint." However, Strain did not specify what those defenses were. *See Caldwell v. Alston*, 1st Dist. Hamilton No. C-950688, 1996 Ohio App. LEXIS 4357 (Oct. 2, 1996) (trial court did not abuse its discretion in overruling a Civ.R. 60(B) motion where the movant only stated "there are meritorious defenses to both liability and alleged damages"). Thus, Absolute Fire failed to present sufficient operative facts to support

3

a meritorious defense. *See BAC Home Loans Servicing, LP v. Mullins*, 12th Dist. Preble No. CA2013-12-015, 2014-Ohio-4761, ¶ 27.

{¶9}    Because Absolute Fire failed to demonstrate an element necessary for granting relief under Civ.R. 60(B), the trial court abused its discretion in granting relief from the default judgment. *See Steinriede v. Cincinnati*, 1st Dist. Hamilton No. C-100289, 2011-Ohio-1480, ¶ 7-8. Therefore, we sustain the assignment of error.

{¶10} We reverse the judgment of the trial court granting Absolute Fire's motion for relief from the default judgment. We remand this cause to the trial court for it to reinstate the default judgment in favor of Jee.

Judgment reversed and cause remanded.

**FISCHER, P.J.,** and **CUNNINGHAM, JJ.,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.

4