[Cite as *Hoffman v. Hoffman*, 2018-Ohio-3029.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| RONALD HOFFMAN, | : | APPEAL NOS. C-170640 |
| | | C-170641 |
| DON HOFFMAN, | : | TRIAL NOS. 201700205 |
| | | 201700206 |
| KEN HOFFMAN, | : | |
| | | *O P I N I O N.* |
| RANDALL S. HOFFMAN, | : | |
| | | |
| TODD C. HOFFMAN, | | |
| | : | |
|   and | | |
| | : | |
| ALICIA J. PITCHER, | | |
| | : | |
|     Plaintiffs-Appellees, | | |
| | : | |
|   vs. | | |
| | | |
| WAYNE HOFFMAN, | : | |
| | | |
| PAMELA HOFFMAN, | : | |
| | | |
|   and | : | |
| | | |
| GERALD BRAUNSTEIN, | : | |
| | | |
|     Defendants-Appellants. | : | |


Civil Appeals From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  August 1, 2018


*Paul R. Shugar* and *Ian D. Mitchell*, for Plaintiffs-Appellees,

*Christopher R. Heekin*, for Defendants-Appellants.

**MILLER, Judge.**

{¶1} Wayne Hoffman, Pamela Hoffman, and Gerald Braunstein ("Appellants") appeal from the trial court's judgment denying their motions to vacate default judgment entered in two cases, 201700205 and 201700206. Appellants separately appealed both cases, and the appeals were consolidated by this court. We reverse the trial court's judgments and remand the cause because neither the motions for a default judgment, nor a notice of the hearing, were ever served on Appellants.

## Procedural Posture and Facts

{¶2} On January 17, 2017, Ronald Hoffman, Don Hoffman, Ken Hoffman, Randall S. Hoffman, Todd C. Hoffman, and Alicia J. Pitcher ("Appellees") filed a complaint to contest the Last Will and Testament of Malvon W. Hoffman against Appellants in the case numbered 201700205. That same day, Appellees filed a separate complaint for a declaratory judgment against Appellants in the case numbered 201700206. On February 20, 2017, Wayne Hoffman called counsel for Appellees and requested a 30-day extension of time for deadlines in each case, to which Appellees' counsel agreed. There is some dispute as to what deadlines Hoffman asked Appellees' counsel to extend—Hoffman claims he asked for an extension to answer the complaint, while Appellees' counsel claims Hoffman asked for an extension for discovery.

{¶3} On February 23, 2017, Appellees filed a motion for a default judgment in each case, but did not serve either motion on Appellants. A hearing on the motions was held before a magistrate on March 13, 2017. Appellants were not afforded notice of the hearing, nor did they attend. The magistrate entered default judgments in both cases on March 14, 2017. Appellants filed motions to vacate the default judgments and

motions for leave to file answers out of time on April 12, 2017. After a hearing, the magistrate entered a decision denying Appellants' motion to vacate the default judgment in 201700206. No decision was entered in 201700205. Appellants filed objections in 201700206. The trial court deemed the magistrate's decision to have also been entered in 201700205, adopted the magistrate's decision, denied Appellants' objections, and entered judgment in both cases. Appellants now appeal.

{¶4} In their sole assignment of error, Appellants argue that the trial court erred in denying Appellants' objections to the magistrate's decision. Specifically, Appellants contend that the magistrate should have applied Civ.R. 60(B) liberally to provide them relief from the default judgments; Civ.R. 55(A) required notice of the default judgment at least seven days prior to a hearing on the motion; Civ.R. 5(B)(4) required the filing of a certificate of service of the motions; and the magistrate's decision is self-contradictory in its application of the facts.

### The Absence of a Magistrate's Decision in 201700205

{¶5} Magistrate's decisions are governed by Civ.R. 53. Under that rule, "a magistrate shall prepare a magistrate's decision respecting any matter referred under Civ.R. 53(D)(1)." Civ.R. 53(D)(3)(a). "If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections," undertaking an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Civ.R. 53(D)(4)(d). The purpose for the procedures set forth in Civ.R. 53 is to afford litigants with a meaningful opportunity to file objections. *Pinkerson v. Pinkerson*, 7 Ohio App.3d 319, 455 N.E.2d 693 (1st Dist.1982). "A trial court's failure to comply with Civ.R. 53 constitutes grounds for reversal only if the appellant shows the alleged error has merit and the error worked to the prejudice of the appellant." *In re Estate*

3

*of Hughes*, 94 Ohio App.3d 551, 554, 641 N.E.2d 248 (9th Dist.1994). Here, a magistrate's decision was never prepared or journalized in 201700205. The magistrate entered a decision in 201700206, and the decision references only that case throughout.

{¶6} Absent a decision by the magistrate in 201700205, the trial court was permitted to rule on Appellants' motion in the first instance, even after a referral to the magistrate. Civ.R. 53(D)(4)(b); *see Yantek v. Coach Builders Ltd., Inc.*, 1st Dist. Hamilton No. C-060601, 2007-Ohio-5126, ¶ 11; *Donofrio v. Whitman*, 191 Ohio App.3d 727, 2010-Ohio-6406, 947 N.E.2d 715, ¶ 21 (7th Dist.). Thus, the court's entry of judgment in 201700205 did not run afoul of Civ.R. 53. The court's entry simply recognized that the issues are identical in both cases and ruled on Appellants' motion to vacate the default judgment, albeit by taking the unusual step of deeming the magistrate's decision in 201700206 to have been properly filed in 201700205. The court essentially recognized that the reasoning in 201700206 was equally applicable to 201700205. The trial court's decision prejudices no one and neither party argues otherwise. Our treatment of the court's entry in 201700205 as an independent judgment most accurately reflects what occurred below. Accordingly, we review the cases together.

### Standards of Review

{¶7} "Appellate courts 'generally review a trial court's adoption, denial or modification of a magistrate's decision for an abuse of discretion.' " *In re D.S.,* 10th Dist. Franklin No. 15AP-487, 2016-Ohio-2810, ¶ 9, quoting *Brunetto v. Curtis,* 10th Dist. Franklin No. 10AP-799, 2011-Ohio-1610, ¶ 10. "However, where the appeal from the trial court's action on a magistrate's decision presents only a question of law, the standard of review is de novo." *In re D.S.* at ¶ 9. The standard of review of a

4

court's decision with respect to a Civ.R. 60(B) motion is an abuse of discretion. *See Hansen v. Hansen*, 132 Ohio App.3d 795, 802, 726 N.E.2d 557 (1st Dist.1999).

### Civil Rule 55(A)

{¶8}  Under Civ.R. 55(A), "[i]f the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." For purposes of the notice requirement, a party "appears" in an action where that party has demonstrated a clear intent to defend the action. *Mueller v. Hammann*, 1st Dist. Hamilton No. C-120799, 2013-Ohio-5098, ¶ 9, citing *Miami Sys. Corp. v. Drycleaning Computer Sys., Inc.,* 90 Ohio App.3d 181, 185, 628 N.E.2d 122 (1st Dist.1993). "A court filing is unnecessary to constitute an 'appearance,' but in the absence of an answer or other pleading a defendant must have otherwise manifested a clear intent to defend the lawsuit." *Id.*; *see Baines v. Harwood,* 87 Ohio App.3d 345, 622 N.E.2d 372 (12th Dist.1993). A default judgment entered in contravention of this rule must be reversed on appeal. *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121, 502 N.E.2d 599 (1986); *AMCA Internatl. Corp. v. Carlton,* 10 Ohio St.3d 88, 92, 461 N.E.2d 1282 (1984).

{¶9}  Appellants contend that, because Wayne Hoffman called Appellees' counsel and requested an extension of deadlines, they signaled their intent to defend the cases and were entitled to notice of Appellees' motions for default judgment. The trial court overruled Appellants' objection on this issue, finding that they did not manifest a clear intent to defend the cases. While there is some dispute as to what deadlines Hoffman asked Appellees' counsel to extend, it is clear under either scenario that Hoffman "appeared" and intended to defend the cases to some extent.

A defendant would not contact a plaintiff's attorney requesting an extension of time to comply with deadlines otherwise.

{¶10} Furthermore, a telephone conversation has qualified as an "appearance" for the purposes of this rule. *See, e.g., AMCA Internatl. Corp.* at 92 (during a telephone conversation with plaintiff's counsel, defendant understood that he would be afforded a reasonable amount of time to prepare and serve his answer, and the court found he was entitled to notice under Civ.R. 55(A)); *Baines v. Harwood* at 347 (during a telephone conversation with plaintiff's counsel, defendant requested additional time to discuss a possible settlement of the suit with his codefendant, and plaintiff's counsel agreed, and the court found he was entitled to notice under Civ.R. 55(A)). Hoffman's telephone conversation with Appellees' counsel was sufficient to indicate Appellants' intent to defend against the lawsuits.

{¶11} Therefore, because the entries of default judgment were in violation of the provisions of Civ.R. 55(A), the judgment of the trial court denying Appellants' motions to vacate the default judgments is hereby reversed and the cause is remanded for further proceedings.

## Civil Rule 5

{¶12} Separately and independently, even if notice of the applications for default judgment was not required seven days in advance of the hearing on the applications under Civ.R. 55(A), service of the motions for default judgment was still required under Civ.R. 5. Civ.R. 5(A) provides that "every written motion * * * shall be served upon a party." Civ.R. 7(B) provides that "[a] written motion * * * shall be served in accordance with Civ.R. 5 unless the motion may be heard ex parte." Civ.R. 5(B)(4) states that "Documents filed with the court shall not be considered until proof of service is endorsed thereon or separately filed." No certificates of service of

the motions were filed in this case. And the parties agree that the motions were not served.

{¶13} Inapplicability of the notice-of-hearing requirement under Civ.R. 55(A) does not negate the Civ.R. 5 service requirement of the motion itself. Service of the motion and notice of the hearing are separate concepts that should not be conflated. Civ.R. 55(A) does not authorize a party to file a motion for default in secret. In fact, the notice-of-hearing requirement provides additional procedural protections to defendants who have appeared. Any other reading of these rules would be out of line with longstanding precedent disfavoring default judgments. *See, e.g., AMCA Internatl. Corp.,* 10 Ohio St.3d at 92, 461 N.E.2d 1282; *Suki v. Blume*, 9 Ohio App.3d 289, 459 N.E.2d 1311 (8th Dist.1983).

{¶14} Accordingly, because the motions for default judgment were not served in accordance with Civ.R. 5, the trial court erred in considering them. This affords an independent ground to reverse the judgment of the trial court. *See, e.g., In re Coyle*, 5th Dist. Stark No. 2005CA00111, 2006-Ohio-827.

## Conclusion

{¶15} In conclusion, we sustain the sole assignment of error, reverse the trial court's judgment in both cases, and remand this cause with instructions to grant Appellants' motions to vacate the default judgments and for further proceedings consistent with law and this opinion.

Judgments reversed and cause remanded.

**CUNNINGHAM, P.J.,** and **MYERS, J.,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.