[Cite as *Custom Pro Logistics, L.L.C. v. Penn Logistics, L.L.C.*, 2022-Ohio-1774.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CUSTOM PRO LOGISTICS, LLC, | : | APPEAL NO. C-210422 |
| | | TRIAL NO. A-2001140 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| PENN LOGISTICS LLC, | : | |
| | | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: May 27, 2022

*Doyle & Hassman, LLC*, and *Thomas P. Doyle*, for Plaintiff-Appellee,

*Lindhorst & Dreidame, Co., LPA*, *Barry F. Fagel* and *Elizabeth M. Johnson*, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1}   Defendant-appellant Penn Logistics LLC ("Penn") appeals the denial of its motion to vacate the default judgment entered against it by the Hamilton County Court of Common Pleas and the denial of its motion for relief from judgment under Civ.R. 60(B).  For the following reason, we affirm the judgment of the trial court.

## Factual and Procedural History

{¶2}   On March 6, 2020, Custom Pro Logistics, LLC, ("CPL") filed a complaint against Penn, alleging three causes of action based on goods allegedly damaged by defendant during transport.  The summons and complaint were issued via certified mail service to Penn on March 10, 2020.  Confirmation of delivery was returned on March 16, 2020, showing delivery on March 13, 2020.  Penn did not file an answer. On September 11, 2020, CPL moved for a default judgment against Penn, pursuant to Civ.R. 12 and 55.  The trial court granted CPL's motion for a default judgment on September 29, 2020, and entered judgment in CPL's favor.

{¶3}   Penn filed a motion to vacate the default judgment on December 4, 2020, claiming that Penn never received a copy of the summons and complaint and did not sign for the certified mail.  It claimed that neither a Penn employee nor Penn's registered agent was the signatory, and whoever signed for the certified mail did not give it to Penn.  Attached to the motion was an affidavit of Gagandeep Singh, who claimed to be Penn's registered agent.  The affidavit averred that Penn's office, at the address of its principal place of business, is connected to a gas station and that someone from the gas station, which has no common ownership with Penn, "probably" signed for the certified mail.  CPL filed a response in opposition to the motion and attached an affidavit of Thomas P. Doyle, attorney for plaintiff, in which Doyle averred that an accompanying "Google print out" showed that the address of the gas station

was the same as defendant's business address and the address of Penn's registered agent. The record does not contain a ruling by the trial court on Penn's motion to vacate.

{¶4} Penn subsequently filed a motion for relief from judgment on March 12, 2021, arguing that it was entitled to relief under Civ.R. 60(B)(1), because, among other things, Penn never received a copy of the complaint due to excusable neglect and only became aware of this action once it received the default judgment from the court. After responsive briefing, the trial court denied Penn's Civ.R 60(B) motion on July 7, 2021, stating only that it did not find the motion well taken.

{¶5} Penn timely filed a notice of appeal on August 6, 2021, and now raises two assignments of error for our review. In its first assignment of error, Penn argues that the trial court erred in denying its Civ.R. 60(B) motion for relief from judgment. In its second assignment of error, Penn argues that the trial court erred in denying its motion to vacate the default judgment against it.

## Law and Analysis

{¶6} A judgment rendered by a court lacking personal jurisdiction is void. *Belisle Constr. Inc. v. Perry*, 3d Dist. Crawford No. 3-17-11, 2022-Ohio-239, ¶ 10, citing *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), and *TCC Mgt., Inc. v. Clapp*, 10th Dist. Franklin No. 05AP-42, 2005-Ohio-4357, ¶ 9. " 'The authority to vacate a void judgment is *not* derived from Civ.R. 60(B) but rather constitutes an inherent power possessed by Ohio Courts.' " (Emphasis sic.) *Id*. at ¶ 11, quoting *Patton* at paragraph four of the syllabus. "Thus, because a trial court has the inherent authority to vacate a void judgment, when a party claims that the trial court lacks * * * personal jurisdiction, the party 'is entitled to have the judgment vacated and need not satisfy the requirements of Civ.R. 60(B).' " *Id*., citing *C & W Invest. Co. v. Midwest*

*Vending, Inc.*, 10th Dist. Franklin No. 03AP-40, 2003-Ohio-4688, ¶ 7. Civ.R. 60(B) motions only apply to judgments that are voidable, rather than void. *Id.*, citing *Beachler v. Beachler*, 12th Dist. Preble No. CA2006-03-007, 2007-Ohio-1220, ¶ 18. Because a determination that the trial court erred in denying Penn's motion to vacate the default judgment would render Penn's first assignment of error moot, we address the assignments of error out of order.

*Motion to Vacate*

{¶7} In its second assignment of error, Penn argues that the trial court erred when it denied its motion to vacate the default judgment against it. We review the denial of a motion to vacate for an abuse of discretion. *Johnson v. Hisle*, 1st Dist. Hamilton No. C-170717, 2018-Ohio-3693, ¶ 9, citing *Hoffman v. Hoffman*, 1st Dist. Hamilton No. C-170640, 2018-Ohio-3029. "However, a trial court's determination of whether it has personal jurisdiction over a defendant is a question of law that we review de novo." *Id.*, citing *CommuniCare Health Servs., Inc. v. Murvine*, 9th Dist. Summit No. 23557, 2007-Ohio-4651, ¶ 13. Yet, decisions regarding whether service was proper are reviewed for an abuse of discretion. *Perry* at ¶ 22, quoting *Britton v. Britton*, 4th Dist. Washington No. 18CA10, 2019-Ohio-2179, ¶ 13. An abuse of discretion signifies that a decision was unreasonable, arbitrary, or unconscionable. *Britton* at ¶ 13.

{¶8} Civ.R. 4.3(B)(1) permits a clerk to make service of process outside of this state in the same manner as provided in Civ.R. 4.1(A)(1) through 4.1(A)(3). Civ.R. 4.1(A)(1) allows for service of process by certified mail, "[e]vidence by return receipt signed *by any person*." (Emphasis added.) Pursuant to Civ.R. 4.2(G), service of process, pursuant to Civ.R. 4 through 4.6, upon a limited liability company ("LLC") shall be made "by serving the agent authorized by appointment or by law to receive

4

service of process; or by serving the limited liability company at any of its usual places of business by a method authorized under Civ.R. 4.1(A)(1); or by serving a manager or member." Thus, service upon an LLC is valid if "any person" at the LLC's usual place of business signs for the certified mail, even where the recipient is not the defendant's agent. *Adams, Babner, Gitlitz, LLC v. Tartan Dev. Co. (West), LLC*, 10th Dist. Franklin No. 12AP-729, 2013-Ohio-1573, ¶ 9, citing Civ.R. 4.1(A)(1)(a) and *Clapp* at ¶ 11; *see Mitchell v. Mitchell*, 64 Ohio St.2d 49, 51, 413 N.E.2d 1182 (1980); *CUC Properties VI, LLC v. Smartlink Ventures, Inc.*, 2021-Ohio-3428, 178 N.E.3d 556, ¶ 9 (1st Dist.).

{¶9} "If a plaintiff follows the Ohio Rules of Civil Procedure that govern service of process, a presumption of proper service arises." *Adams* at ¶ 10, citing *Erin Capital Mgt. LLC v. Fournier*, 10th Dist. Franklin No. 11AP-483, 2012-Ohio-939, ¶ 18. "[A] defendant may rebut the presumption of proper service by establishing that the plaintiff failed to direct service to an address where it would be 'reasonably calculated' to reach a person or entity that may be served under Civ.R. 4.2." *Id.*, citing *Fournier* at ¶ 19.

{¶10} Here, certified mail service was issued to Penn at 600 Buck Road, Monroeville, NJ 08343. Penn confirmed that this was the address for Penn's principal place of business and business office. Two summonses were issued to this address, one to "Penn Logistics LLC," and one to "Penn Logistics LLC, CO Jaydeep Patel." The record contains a status report regarding Penn from the New Jersey secretary of state, which lists Penn's agent as Jaydeep Patel and has the same address listed for the agent as is listed for Penn's principal place of business. Both summonses were returned delivered.

**{¶11}** Thus, CPL complied with the civil rules and a presumption of proper service was created. Penn first argues that it rebutted the presumption of proper service because the certified mail delivery was not reasonably calculated to provide notice to Penn where it was delivered to someone without authority at a "completely different business." However, as evidenced in Penn's affidavit, Penn does not actually know who signed for the certified mail. Penn only assumed it was someone from the gas station. Significantly, the evidence in the record established that the gas station had the same address as Penn's principal place of business and Penn's registered agent. Notably, Penn does not argue that this address was incorrect or that any additional identifying information was needed when addressing mail to Penn. It does not argue that Penn or its statutory agent did not receive mail at this address, nor that Penn did not do business at this address. We noticed that the affidavit submitted by Penn claimed that Gagandeep Singh was Penn's registered agent; however, the business status report in the record, dated March 3, 2020, lists Jaydeep Patel as Penn's registered agent. Regardless, Penn does not assert any challenge to the address used by CPL or claim that its statutory agent had a different address. It does not allege anything that CPL should have done differently when perfecting service. Thus, there is nothing in the record to suggest that service to this address was improper or to establish that service to this address was not reasonably calculated to reach Penn.

**{¶12}** Penn next argues that it rebutted the presumption of proper service by asserting in its affidavit that an unknown person signed for the certified mail and never provided Penn with a copy. However, when certified mail service is delivered to a proper address, a defendant's claim that the signatory is unknown or unrelated to the defendant is insufficient to rebut the presumption of proper service. *Adams*, 10th Dist. Franklin No. 12AP-729, 2013-Ohio-1573, at ¶ 12. Additionally, certified mail service

does not require actual service upon the party receiving the notice; rather, it is effective upon certified delivery. *See Castellano v. Kosydar*, 42 Ohio St.2d 107, 110, 326 N.E.2d 686 (1975); *Goering v. Lacher*, 1st Dist. Hamilton No. C-110106, 2011-Ohio-5464, ¶ 11; *Claims Mgt. Servs., Inc. v. Tate*, 1st Dist. Hamilton No. C-000034, 2000 Ohio App. LEXIS 4474, *3 (Sept. 29, 2000). The Ohio Supreme Court has stated that the need for actual notice is contradictory to modern service requirements. *See Castellano* at 110. Thus, service and actual notice are distinguishable. *See Lacher* at ¶ 13; *Tate* at *3; *Broadvox, LLC v. Oreste*, 8th Dist. Cuyahoga No. 92064, 2009-Ohio-3466, ¶ 15. Consequently, actual notice is not required for certified mail service to be proper. *See id.*

{¶13} "Valid service exists when the civil rules for obtaining service have been fulfilled." *Broadvox* at ¶ 15, citing *Tate*. Because the certified mail was claimed at Penn's place of business in accordance with the civil rules, it was not unreasonable for the trial court to find that service was valid. *See Broadvox* at ¶ 15. Thus, Penn failed to rebut the presumption of proper service and we cannot determine that the trial court abused its discretion in finding that service was valid. Therefore, we cannot determine that the trial court erred when denying Penn's motion to vacate the judgment against it as the trial court acquired personal jurisdiction over Penn when service of process upon Penn was complete. *See Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984) ("[Personal Jurisdiction] may be acquired * * * by service of process upon the defendant * * *."). Accordingly, this assignment of error is overruled.

*Motion for Relief from Judgment under Civ.R. 60(B)*

**{¶14}** In its first assignment of error, Penn argues that the trial court erred when it denied its Civ.R. 60(B) motion for relief from judgment. "If a judgment by default has been entered, the court may set it aside in accordance with Rule 60(B)." Civ.R. 55(B). An argument that a defendant did not receive actual notice is not jurisdictional and is thus properly brought pursuant to Civ.R. 60(B). *Broadvox* at ¶ 16.

**{¶15}** In relevant part, Civ.R. 60(B) provides that, "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for * * * mistake, inadvertence, surprise, or excusable neglect * * *." Civ.R. 60(B)(1). To prevail on a Civ.R. 60(B) motion, "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). "The decision whether to grant relief from judgment lies within the trial court's discretion." *Engelhart v. Bluett*, 1st Dist. Hamilton No. C-160189, 2016-Ohio-7237, ¶ 16.

**{¶16}** Penn argues that it is entitled to relief from judgment under Civ.R. 60(B)(1) because lack of actual notice is a "proper, and compelling, basis for excusable neglect." "A determination of excusable neglect depends on the facts and circumstances of each case." *Engelhart* at ¶ 18, citing *Heard v. Dubose*, 1st Dist. Hamilton No. C-060265, 2007-Ohio-551, ¶ 19. "Courts have defined excusable neglect in the negative, stating that a defendant's inaction is not excusable neglect when it shows a complete disregard for the judicial system or its [sic] falls substantially below

what is reasonable under the circumstances." *Id.*, citing *State ex rel. Jackson v. Adult Parole Auth.*, 140 Ohio St.3d 23, 2014-Ohio-2353, 14 N.E.3d 1003, ¶ 25, and *Heard* at ¶ 19.

**{¶17}** Neglect is inexcusable "when is it a ' "consequence of the party's own carelessness, inattention, or willful disregard of the process of the court * * *," ' as opposed to a ' "consequence of some unexpected or unavoidable hindrance or accident." ' " (Ellipses sic.) *Treasurer of Lucas Cty. v. Mt. Airy Invests. Ltd.*, 6th Dist. Lucas No. L-18-1254, 2019-Ohio-3932, ¶ 26, quoting *Mason v. Mason*, 5th Dist. Perry No. 10-CA-18, 2011-Ohio-4775, ¶ 28. Negligent or insufficient internal procedures in an organization may not constitute excusable neglect. *John W. Judge Co. v. USA Freight, LLC*, 2d Dist. Montgomery No. 27708, 2018-Ohio-2658, ¶ 27, citing *Middleton v. Luna's Restaurant & Deli, LLC*, 5th Dist. Stark No. 2011 CA 00004, 2011-Ohio-4388, ¶ 31.

**{¶18}** This court has upheld a trial court's finding that a corporation's failure to answer a complaint was excusable neglect where the corporation was properly served and had procedures in place to be followed when it was served, but the complaint was never received by the appropriate office due to an unknown, inadvertent clerical error during the process. *Heard* at ¶ 21-24. We found that, "Courts, including this one, have held that a trial court does not abuse its discretion in granting relief from a default judgment on the basis of excusable neglect, when service was properly made on a corporation, but a corporate employee failed to forward the summons and complaint to the appropriate person." *Id.* at ¶ 24.

**{¶19}** Conversely, in *USA Freight*, the Second District reversed a trial court's determination of excusable neglect where the certified mail service was properly delivered to address of the LLC's statutory agent but was signed for by the mother of

9

the LLC's owner, who "understands and speaks very little English," had no role in the company, and who failed to forward the complaint to anyone involved with the business. *USA Freight* at ¶ 6, 29. The court found that the LLC chose to maintain a statutory agent "where it was possible for a non-English speaking person who was unaffiliated with the company to receive important documentation that was served at that address." *Id.* at ¶ 27. Thus, the court found that the mishandling of the complaint was the result of the LLC's own negligence in choosing its statutory agent "and/or" failing to implement sufficient internal procedures to ensure that the documentation served to that address was directed to the appropriate person. *Id.*

{¶20} Thus, inexcusable neglect comes down to whether an entity's internal procedures for receiving service are insufficient or negligent. Here, Penn's business office, which is also the office of its statutory agent, is located at the address where the certified mail was delivered. Penn is a New Jersey company, and this is the same address listed for Penn and its agent with the New Jersey secretary of state. While there is conflicting evidence in the record on who the statutory agent actually was, Penn does not dispute this was the correct address for service. Penn's office is connected to a gas station, which is a separate company from Penn with no common ownership. The evidence in the record shows that the address of the gas station is the same as the address of Penn's business. Penn does not know who signed for the certified mail receipt, but it was assumed that it was someone from the gas station. Penn does not assert that any procedures were put into place to ensure its mail was delivered to the appropriate business.

{¶21} Based on these facts, it would be reasonable for the trial court to conclude that the case at hand is more comparable to the circumstances presented to the court in *USA Freight*. Penn attempts to distinguish the instant case from *USA*

*Freight* by stating that the person who mishandled the complaint in this case was not someone associated with the company who "internally" mishandled the summons and complaint; however, the complaint was mishandled by someone at the address which Penn had listed as its business address and the address of its statutory agent. The fact that two businesses are operating out of the same address is of no consequence to the result as there is no evidence in the record of any internal procedures put into place at the address to ensure that service is delivered to the appropriate business or person. It would not be unreasonable for the trial court to conclude that the mishandling of the complaint could have been avoided had Penn had better systems in place to ensure receipt of service or chosen a better statutory agent to receive service on its behalf. Thus, it would be reasonable for the trial court to have concluded that Penn's failure to receive the complaint was a result of its own carelessness or inattention, as opposed to a consequence of some unexpected or unavoidable hindrance or accident. Therefore, we cannot determine that the trial court abused its discretion in denying Penn's Civ.R. 60(B) motion for relief from judgment as it would be reasonable for the trial court to have found an absence of excusable neglect in this case. *See Jee v. Absolute Fire Protection, Inc.*, 1st Dist. Hamilton No. C-150374, 2016-Ohio-365, ¶ 9 (Finding the absence of one of the Civ.R. 60(B) motion requirements sufficient to deny the motion.).

{¶22} Penn also argues that the trial court abused its discretion by not providing any rationale for its decision to deny the motion. However, " '[t]here is no requirement for that the trial court issue findings of fact and conclusions of law or otherwise explain its reasons for its disposition of a Civ.R. 60(B) motion,' particularly when a party has not made such a request pursuant to Civ.R. 52." *CitiMortgage, Inc. v. Dudek*, 9th Dist. Summit No. 25806, 2012-Ohio-899, ¶ 10, quoting *Home S & L Co.*

11

*v. Avery Place, LLC*, 5th Dist. Delaware No. 11 CAE 02 0014, 2011-Ohio-4525, ¶ 29; *accord Briggs v. Deters*, 1st Dist. Hamilton No. C-961068, 1997 Ohio App. LEXIS 2724, *5-6 (June 25, 1997).

**{¶23}** Penn additionally argues that the trial court abused its discretion by not holding a hearing on its motion. "A trial court possesses discretion when determining whether to hold a hearing regarding a Civ.R. 60(B) motion." *Detty v. Yates*, 4th Dist. Ross No. 13CA3390, 2014-Ohio-1935, ¶ 20, citing *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19, 665 N.E.2d 1102 (1996). "Thus, an appellate court will not reverse a trial court's decision regarding a Civ.R. 60(B) evidentiary hearing absent an abuse of discretion." *Id.*, citing *Kay*. "A party moving for relief from judgment under Civ.R. 60(B) is not automatically entitled to an evidentiary hearing." (Citation omitted.) *Id.* at ¶ 21. "The movant bears the burden to demonstrate that he is entitled to a hearing regarding a Civ.R. 60(B) motion." *Id.*, citing *PHH Mtge. Corp. v. Northup*, 4th Dist. Pickaway No. 11CA6, 2011-Ohio-6814, ¶ 28. To be entitled to a hearing, the movant must allege operative facts in the motion sufficient to show that it will prevail on a Civ.R. 60(B) motion. *See id.* at ¶ 22.

**{¶24}** Here, because Penn did not dispute that the complaint was sent to the correct address and that two unrelated businesses operate out of that same address, we cannot determine the trial court abused its discretion in not holding a hearing as Penn failed to allege operative facts which would demonstrate its entitlement to relief under Civ.R. 60(B) where Penn did not allege in its motion that any internal procedures were put into place to ensure receipt of service and where Penn's statutory agent also shares the same address. *See Treasurer of Lucas Cty.*, 6th Dist. Lucas No. L-18-1254, 2019-Ohio-3932, at ¶ 24 ("If the trial court determines that the movant failed to allege operative facts that would warrant relief under Civ.R. 60(B), it may

deny the motion without a hearing.").  For all the foregoing reasons, this assignment of error is overruled.

## Conclusion

{¶25}  Having overruled both assignments of error, we affirm the judgment of the trial court.

Judgment affirmed.

**WINKLER** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its own entry this date.