[Cite as *Sanders & Assocs., LPA, v. Responsive Surface Technology, L.L.C.*, 2023-Ohio-3990.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| SANDERS & ASSOCIATES, LPA, | : | APPEAL NO. C-230220 |
| | | TRIAL NO. A-2203574 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| RESPONSIVE SURFACE TECHNOLOGY, LLC, | : | |
| | : | |
| Defendant-Appellant, | : | |
| and | : | |
| PATIENTECH, LLC, | : | |
| and | : | |
| ROBERT GOLDEN, | : | |
| Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: November 3, 2023

*Sanders & Associates, LPA,* and *Thomas C. James, Jr.*, for Plaintiff-Appellee,

*Robert A. Winter, Jr.*, and *James F. Maus*, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1}   Defendant-appellant Responsive Surface Technology, LLC, ("REST") appeals the judgment of the trial court overruling its motion to vacate the default judgment entered in favor of plaintiff-appellee Sanders and Associates, LPA, ("Sanders").  For the reasons that follow, we determine that the trial court erred in denying REST's motion to vacate the default judgment, and we reverse the trial court's decision.

## Background

{¶2}   Sanders filed a complaint for breach of contract and similar claims relating to unpaid legal services against REST, a limited liability company with a principal place of business located at 1000 Marietta Street, Suite 106, Atlanta, Georgia. Sanders' complaint also named as defendants Robert Golden (REST's principal officer), and Patientech, LLC.  Sanders' complaint requested that the clerk of court serve REST's registered agent, Lloyd Sommers, or his successor, at REST's Marietta Street address.   Sanders also requested that the clerk serve REST at Golden's residence.  The summonses sent to Golden's residence and Patientech, LLC, were returned as unclaimed; however, the clerk of court docketed a return certified mail receipt from the United States Postal Service ("USPS") for REST.

{¶3}   REST failed to answer Sanders' complaint, and Sanders filed a motion for a default judgment against REST, as well as a request for regular mail service of the summons and complaint on Golden and Patientech, LLC.  The court granted Sanders' motion and entered a default judgment against REST for $55,193.69 plus 12 percent prejudgment interest.

{¶4} REST initially filed a motion to set aside the default judgment under Civ.R. 60(B), but then withdrew the motion. REST then filed a motion to vacate the default judgment as "void" for lack of personal jurisdiction, because the summons and complaint were not properly served upon it.

{¶5} In its motion to vacate, REST argued that the return receipt from USPS does not bear a specific address in Atlanta, Georgia, and the address of recipient and signature of recipient blocks are both illegible. REST included an affidavit from Kyle Taylor, who averred that he was the sole person stationed at REST's Marietta Street headquarters in Atlanta, and that no other tenant shares space with REST at the Marietta Street address. Taylor averred that he was at work the day the certified mail was allegedly delivered and that no other individuals were present. Taylor does not recognize whose "signature" appears in the recipient line, but it is not his. Golden and Sommers also filed affidavits averring that they had not received copies of the summons and complaint on behalf of REST. The trial court denied REST's motion to vacate the judgment and included Civ.R. 54(B) language in its entry. REST appeals.

## REST's Motion to Vacate the Default Judgment

{¶6} In its first assignment of error, REST argues that the trial court erred in denying its motion to vacate the default judgment.

{¶7} The Ohio Supreme Court has held that a trial court lacks jurisdiction to enter a judgment against a party where service of process has not been made on that party, and the party has not appeared in the case and waived service. *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 184, 553 N.E.2d 650 (1990); *see Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61, 64, 133 N.E.2d 606 (1956) ("It is axiomatic that for a court to acquire jurisdiction there must be a proper service of summons or

an entry of appearance, and a judgment rendered without proper service or entry of appearance is a nullity and void."). Ohio courts of appeals, including this one, have recognized that a defaulting party can challenge a default judgment on the grounds of defective service by way of a motion to vacate a void judgment, and not Civ.R. 60(B). *See Erin Capital Mgmt., LLC v. Fournier*, 10th Dist. Franklin No. 11AP-483, 2012-Ohio-939; *Beachler v. Beachler*, 12th Dist. Preble No. CA2006-03-007, 2007-Ohio-1220; *Custom Pro Logistics, LLC v. Penn Logistics, LLC*, 1st Dist. Hamilton No. C-210422, 2022-Ohio-1774; *Belisle Constr., Inc. v. Perry*, 3d Dist. Crawford No. 3-17-11, 2022-Ohio-239.

{¶8} Civ.R. 4.3 governs service of an out-of-state resident, and provides that service of process may be made under Civ.R. 4.1(A)(1). *See* Civ.R. 4.3(B)(1). Civ.R. 4.1(A)(1) provides for service by United States certified mail:

> Evidenced by return receipt signed by any person, service of any process shall be by United States certified or express mail unless otherwise permitted by these rules. The clerk shall deliver a copy of the process and complaint or other document to be served to the United States Postal Service for mailing at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk as certified or express mail return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered.

{¶9} If a party complies with the civil rules governing service of process, a rebuttable presumption of proper service arises. *Custom Pro Logistics, LLC* at ¶ 9, citing *Adams, Babner, Gitlitz, LLC v. Tartan Dev. Co. (West), LLC*, 10th Dist. Franklin

4

No. 12AP-729, 2013-Ohio-1573, ¶ 10, and *Erin Capital Mgt. LLC* at ¶ 18. The defendant can rebut the presumption of proper service with evidence showing that service was not accomplished. *Adams* at ¶ 10, citing *Erin Capital Mgt. LLC* at ¶ 18.

{¶10} REST argues that the service requirements in Civ.R. 4.1(A)(1) were not satisfied in this case because the certified mail return receipt from USPS did not contain a signature or address, but instead illegible scrawls. REST relies on *CUC Properties VI, LLC v. Smartlink Ventures, Inc.*, 2021-Ohio-3428, 178 N.E.3d 556 (1st Dist.). In *CUC Properties*, the court considered whether USPS's mark of "Covid 19" or "C19" on the return certified mail constituted a valid signature under Civ.R. 4.1, and the court held that it did not. *CUC Properties* at ¶ 10.

{¶11} We agree that the return receipt from USPS filed in this case fails to comport with Civ.R. 4.1 in that the address line and signature line both contain nothing more than smudges, and the return receipt provided by USPS provides only that it was delivered in Atlanta, Georgia, with no specific address. Nevertheless, even if the smudges in the signature and address line were sufficient to comply with Civ.R. 4.1, the uncontested affidavits presented in REST's motion to vacate are sufficient to rebut the presumption of proper service. The affidavit from REST's employee Taylor shows that he was the sole person stationed at REST's Marietta Street headquarters in Atlanta, that no other tenant shares space with REST at the Marietta Street address, that he was at work the day the certified mail was allegedly delivered, and that he did not receive the certified mail containing the summons and complaint in the underlying case. The affidavits of REST's owner Golden and statutory agent Sommers also show that they did not receive copies of the summons and complaint on behalf of REST.

5

{¶12} In its appellee brief, Sanders argues that service on REST was proper. Sanders argues that it followed the procedure outlined in the civil rules for service, which is sufficient for proper service. Sanders primarily relies on this court's decision in *Custom Pro Logistics, LLC*, 1st Dist. Hamilton No. C-210422, 2022-Ohio-1774, at ¶ 9. In *Custom Pro Logistics*, the trial court entered the default judgment against a defendant after it failed to file an answer, and the trial court refused to grant the defendant's motion to vacate the default judgment on the basis that it did not receive service. This court upheld the denial of the motion to vacate and determined that the defendant had been issued the certified mail at its principal place of business and that a person, although unknown to the defendant, had signed for the certified mail at that address; therefore, "[b]ecause the certified mail was claimed at [the defendant's] place of business in accordance with the civil rules, it was not unreasonable for the trial court to find that service was valid." *Id.* at ¶ 13.

{¶13} *Custom Pro Logistics* is distinguishable because, in that case, an individual who was allegedly unknown to the defendant signed for the certified mail service at the address where the defendant admittedly received certified mail. Here, even if the smudge in the signature line could be considered a "signature" by an individual, no evidence in the record exists to show where the certified mail was actually delivered, because the return receipt does not contain a specific address as required by Civ.R. 4.1(A)(1). In this case, the illegible smudges on the signature line and on the address line in the certified mail return receipt, along with the uncontested affidavits from REST's officer, employee, and agent averring that REST did not receive the summons and complaint are sufficient to establish that service on REST was not proper. The trial court erred in refusing to vacate the default judgment against REST.

6

**{¶14}** We sustain REST's first assignment of error. Accordingly, REST's second assignment of error challenging the trial court's denial of its motion to vacate without holding a hearing is moot, and we decline to address it.

### Conclusion

**{¶15}** We reverse the trial court's judgment denying REST's motion to vacate, and we remand the matter with instructions to the trial court to vacate the default judgment and for further proceedings consistent with the law and this opinion.

Judgment reversed and cause remanded.

**BERGERON, P.J.,** and **BOCK, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.