[Cite as *Shelter Mut. Ins. Co. v. Jones*, 2026-Ohio-1482.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| SHELTER MUTUAL INSURANCE CO., | : | APPEAL NO. C-250521 |
| | | TRIAL NO. 23CV23501 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *JUDGMENT ENTRY* |
| DAJUAN HENRY JONES, | : | |
| Defendant-Appellee, | : | |
| and | : | |
| ANTWOINE JENKINS, | : | |
| Defendant. | : | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is reversed and the cause is remanded.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 4/24/2026 per order of the court.**

**By:**_____
        **Administrative Judge**

[Cite as *Shelter Mut. Ins. Co. v. Jones*, 2026-Ohio-1482.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| SHELTER MUTUAL INSURANCE CO., | : | APPEAL NO. C-250521 |
| | | TRIAL NO. 23CV23501 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| DAJUAN HENRY JONES, | : | |
| Defendant-Appellee, | : | |
| and | : | |
| ANTWOINE JENKINS, | : | |
| Defendant. | : | |


Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: April 24, 2026


*Kiefer Peters* and *Daran P. Kiefer*, for Plaintiff-Appellant,

*Dajuan Henry Jones*, pro se.

**ZAYAS, Judge.**

**{¶1}** This appeal presents the question of whether the trial court properly set aside a default judgment entered against defendant-appellee Dajuan Henry Jones. Plaintiff-appellant Shelter Mutual Insurance Company ("SMIC") appeals from the trial court's entry setting aside the default judgment. Raising three assignments of error, SMIC argues that the trial court erred in setting aside the default judgment where Jones failed to provide an affidavit contradicting proper service and filed the motion to set aside more than one year after judgment was entered and where the trial court lacked any evidence to support its decision to set aside the judgment. For the reasons that follow, we sustain the assignments of error, reverse the trial court's judgment setting aside the default judgment, and remand the cause for the trial court to deny Jones's motion under Civ.R. 60(B) as untimely and to hold an evidentiary hearing on Jones's assertions that service was improper.

## I. Background

**{¶2}** On October 20, 2023, SMIC filed a complaint against Jones and defendant Antwoine Jenkins.[1] The complaint alleged that, on or about May 13, 2022, SMIC was the insurer and subrogee of Tracy Braswell ("the insured") and that, on that day, Jones "negligently operated a motor vehicle" owned by Jenkins by failing to control the vehicle and "striking" the insured's "legally parked vehicle." As a result of the accident, the insured sustained damages in the amount of $12,107.71, $11,607.71 of which SMIC paid to the insured pursuant to her property-damage coverage and $500 of which became out-of-pocket loss for the insured.

**{¶3}** The complaint listed Jones's address as "701 Stonelick Woods Dr.

---

[1] Default judgment was separately granted against Jenkins on February 9, 2024.

Batavia, OH 45103." The docket reflects that certified mail service of the summons and complaint was delivered to "Dajuan Jones" on October 25, 2023, at "701 Stonelick Woods." The summons informed Jones that the complaint would be taken as true and default judgment would be rendered against him unless he served plaintiff with a written answer to the complaint within 28 days after he received the summons.

{¶4} On December 4, 2023, SMIC filed a motion for a default judgment against Jones. SMIC's counsel averred in an attached affidavit that Jones was properly served but never filed an answer or contacted counsel for an extension of time to move or plead. The trial court granted SMIC's motion for a default judgment the following day, rendering judgment in SMIC's favor in the amount of $12,107.71.

{¶5} On July 3, 2025, Jones filed a motion "pursuant to Ohio Civil Rule 60(B) to vacate the default judgment entered" against him. The motion claimed that he "was not properly served" and did not "become aware of the existence" of the action or the default judgment "until on or around February 9, 2024." The motion further asserted that he has a meritorious defense to the action as he "has already proven in court, through a separate trial, that Defendant was not responsible for the motor vehicle accident at issue in this case." He continued, "Furthermore, Defendant was a victim of identity theft in connection with the incident that gave rise to this lawsuit." Jones asserted that he "promptly" filed the motion after he learned of the default judgment. Attached to his response was a copy of a "Not Guilty Verdict," in the case numbered 23/TRD/11750/B. The entry lists "Dajuan Jones" as the defendant and shows that a jury found Jones "Not Guilty for Failure to Stop After Accident in violation of Ohio Revised Code 4549.02."

{¶6} SMIC responded to the motion and argued that the motion should be denied where Jones "signed for certified mail service, failed to present any evidence

4

regarding service or to undo the judgment, and the motion was 'untimely' as a matter of law."

{¶7} Jones filed a reply in support of his motion and asserted that SMIC "repeatedly" identifies him as "Dejuan Jones," which is not his legal name and indicates "misidentification." He claimed that SMIC "based their identification" on "an expired Ohio identification card that expired on January 12, 2022." However, at the time of the accident, he held a valid "Ohio driver's license issued on February 3, 2021." He asserted that SMIC "made no reasonable effort to verify the identity of the party involved in the accident." He additionally asserted that he was at work the day of the accident and did not have any involvement. He further asserted that the address used in the complaint was not his residence "at the time." He argued, "The repeated misspelling of Defendant's name and reliance on invalid identification shows that [SMIC] has pursued legal action against the wrong individual." Attached to his response was a copy of an Ohio driver's license with the name, "Dajuan Henry Jones, Sr." The license was issued on February 3, 2021, and lists an address at 1822 Emerson Avenue in Cincinnati.

{¶8} On September 5, 2025, the trial court granted Jones's "Motion to Set Aside" the default judgment, without explaining its rationale. SMIC now appeals, raising three assignments of error for this court's review.

## II. Law and Analysis

{¶9} In the first assignment of error, SMIC argues that the trial court erred in granting the Civ.R. 60(B) motion "or other challenge to service" where Jones failed to file an affidavit contesting the presumption of proper service.

{¶10} In the second assignment of error, SMIC argues that the trial court erred in granting the Civ.R. 60(B) motion where the decision lacks evidentiary support.

{¶11} In the third assignment of error, SMIC argues that the trial court erred in granting the Civ.R. 60(B) motion where the motion was filed more than one year after the default judgment was entered.

{¶12} Because all the assignments of error challenge whether the trial court erred in granting Jones's motion, they will be addressed together.

{¶13} We review the trial court's decision for an abuse of discretion. *See, e.g., Custom Pro Logistics, LLC v. Penn Logistics LLC*, 2022-Ohio-1774, ¶ 7, 15 (1st Dist.) (reviewing a trial court's decision on a motion to vacate and a motion under Civ.R. 60(B) for an abuse of discretion); *Allstate Ins. Co. v. Wilburn*, 2022-Ohio-2026, ¶ 8 (7th Dist.) (stating that the trial court's decision on a motion to vacate is reviewed for an abuse of discretion "whether that motion is made pursuant to Civ.R. 60(B) or pursuant to the court's inherent power at common law to vacate a void judgment."). An abuse of discretion occurs when a court exercises its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority. *Johnson v. Abdulah*, 2021-Ohio-3304, ¶ 35. A trial court lacks discretion to make errors of law. *Id.* at ¶ 39.

{¶14} The trial court's judgment did not offer any rationale for why it granted Jones's motion. A review of Jones's motion reveals two asserted bases related to service to support his motion to vacate. First, Jones asserted that he was not properly served with the complaint. Second, he asserted that he did not become aware of the action until February 9, 2024.

{¶15} "[A] distinction exists between service and actual notice." *Claims Mgt. Servs., Inc. v. Tate*, 2000 Ohio App. LEXIS 4474, *3 (1st Dist. Sept. 29, 2000); *see generally Custom Pro Logistics* at ¶ 12-16; *Engelhart v. Bluett*, 2016-Ohio-7237, ¶ 13-14, 19-20 (1st Dist.).

{¶16} "A default judgment rendered without proper service is void." *Leman v. Fryman*, 2002-Ohio-191, ¶ 7 (1st Dist.), citing *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182 (1990), and *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63 (1st Dist. 1997). "A court has the inherent power to vacate a void judgment; thus, a party who asserts improper service need not meet the requirements of Civ.R. 60(B)." *Emge* at 63, citing *Patton v. Diemer*, 35 Ohio St.3d 68 (1988).

{¶17} On the other hand, "[a]n argument that a defendant did not receive actual notice is not jurisdictional and is thus properly brought pursuant to Civ.R. 60(B)." *Custom Pro Logistics*, 2022-Ohio-1774, at ¶ 14 (1st Dist.), citing *Broadvox, LLC v. Oreste*, 2009-Ohio-3466, ¶ 15 (8th Dist.). Under Civ.R. 55(B), the trial court may set aside a default judgment "in accordance with Civ.R. 60(B)."

{¶18} SMIC's primary argument is that the trial court erred in granting Jones's motion where Jones did not present any evidentiary support for the motion.

{¶19} Whether the trial court was granting the motion based on its inherent authority to vacate a void judgment or under Civ.R. 60(B), SMIC is correct that evidence was required to be presented before the trial court could grant the motion. *See GEICO Gen. Ins. Co. v. Falah*, 2025-Ohio-755, ¶ 20 (1st Dist.), quoting *Fields Excavating Inc. v. Welsh Elec. Co.*, 2005-Ohio-708, ¶ 8 (10th Dist.) ("'[I]n order to prevail on a motion for Civ.R. 60(B) relief, "[t]he movant must establish [the requirements . . .] by operative facts presented in a form that meets evidentiary standards such as affidavits, depositions, transcripts of evidence, written stipulations or other evidence given under oath."'"); *State Auto Ins. v. Wilson*, 2020-Ohio-4456, ¶ 7 (9th Dist.), quoting *Runyon v. Hawley*, 2018-Ohio-2444, ¶ 16 (9th Dist.) ("'A defendant can rebut the presumption of proper service by presenting sufficient evidence, such as an affidavit, that service was not accomplished or received by the

defendant.'").

**{¶20}** Here, the only evidence submitted in support of Jones's motion that could pertain to service was an unsworn copy of a driver's license issued on February 3, 2021, that shows his address as 1822 Emerson Avenue in Cincinnati.[2] Notably, the address listed on the license is *not* the address that Jones included in his motion to vacate as his current address. The address listed in his motion to vacate was "624 Elliot Ave" in Cincinnati. At no point did Jones make any assertions as to what his address was at the time that the complaint was filed. Rather, he simply asserted that "[t]he address used in the complaint was not [his] residence at the time." Thus, Jones's motion itself did not include any reliable evidence upon which the trial court could grant Jones's motion, absent an evidentiary hearing.

**{¶21}** However, because the trial court has inherent authority to vacate a void judgment, we hold that Jones's motion was sufficient for the trial court to hold an evidentiary hearing as to the question of proper service. *See generally State ex rel. Fairfield County CSEA v. Landis*, 2002-Ohio-5432, ¶ 18 (5th Dist.) ("Our research has revealed no clear direction under Ohio law as to whether . . . an unsworn allegation should warrant an evidentiary hearing to determine whether the . . . complaint was properly served on appellant. We note, however, that default judgments are not favored in the law; cases should therefore be decided on their merits rather than on technical grounds."). Consequently, to the extent that the trial court granted the motion based on lack of proper service, we reverse the trial court's judgment and remand the cause for the trial court to hold an evidentiary hearing on this issue.

**{¶22}** However, this hearing should only pertain to the question of improper

---

[2] Jones asserts that he submitted an affidavit that was in front of the trial court but never filed by the clerk. However, no such affidavit appears in the record before this court.

service. As explained below, we reach a different conclusion as to Jones's motion under Civ.R. 60(B).

**{¶23}** "To prevail on a motion under Civ.R. 60(B), the movant must demonstrate that (1) it has a meritorious defense or claim to present if relief is granted; (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time." *Fifth Third Bank v. NCS Mtge. Lending Co.*, 2006-Ohio-571, ¶ 12 (1st Dist.), citing *GTE Automatic Elec., Inc. v. ARC Industries*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "These requirements are independent, meaning that if any one of them is not met, the movant is not entitled to relief." *Id.* at ¶ 13, citing *Strack v. Pelton*, 1994-Ohio-107, ¶ 10. "A trial court's ruling on a Civ.R. 60(B) motion will not be overturned absent a showing of an abuse of discretion." *Id.*, citing *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987).

**{¶24}** In Jones's motion for relief, he asserted that he was entitled to relief where (1) he did not become aware of the existence of the case or the default judgment until February 9, 2024, (2) he has meritorious defense to SMIC's claims, and (3) the motion was promptly filed after he learned of the default judgment. However, the record does not reflect that the motion was promptly filed.

**{¶25}** Jones's motion asserts that he became aware of the action and default judgment on February 9, 2024. Yet, he did not file his motion until July 3, 2025, over 16 months after he admittedly became aware of the action and the default judgment and over 18 months after the default judgment was entered against him on December 5, 2023. Thus, the motion was not made within a reasonable time under Civ.R. 60(B). *Compare Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9 (1978) (holding that the trial court did not abuse its discretion in granting a defendant's motion to vacate a default judgment based on lack of actual notice or knowledge under Civ.R. 60(B)(1) where the

9

motion asserted a meritorious defense and the motion was made "well within a year of the default judgment.").

{¶26} Jones claims that "mistaken identity" is "classic Civ.R. 60(B)(5) territory," which is not required to be filed within the one-year time limit. However, even if Jones's motion was filed under Civ.R. 60(B)(5), the motion must still be made within a reasonable time, and Jones offered no rationale, either here or below, for why he waited over 16 months after he learned of the action and the default judgment to file his motion. *See generally Dunn v. Marthers*, 2006-Ohio-4923, ¶ 18 (9th Dist.) ("'[I]n the absence of any explanation for the delay in filing the Civ.R. 60(B) motion, the movant has failed to meet his burden of establishing the timeliness of his motion' and the motion to vacate should be denied.").

{¶27} Consequently, to the extent the trial court granted Jones's motion under Civ.R. 60(B), we reverse the trial court's judgment and remand the cause for the trial court to enter a judgment denying relief under Civ.R. 60(B) because the motion was untimely.

### III. Conclusion

{¶28} Based on the foregoing, we sustain the assignments of error, reverse the trial court's judgment setting aside the default judgment, and remand the cause for the trial court to deny Jones's motion under Civ.R. 60(B) as untimely and hold an evidentiary hearing on Jones's assertions that service was improper.

Judgment reversed and cause remanded.

**KINSLEY, P.J.,** and **BOCK, J.,** concur.